## WHITAKER V. PARKER.

1. **Evidence**: EXPERT TESTIMONY.  The testimony of experts is evidence of the lowest order and most unsatisfactory character.

2. ———: WEIGHT OF: INSTRUCTION.  It is competent for the court to give the jury rules for determining the weight of evidence.

3. ———: REASONABLENESS OF STATEMENTS.  In determining the preponderance of evidence, not only the number and credibility of the witnesses but also the reasonableness of their statements must be considered.

*Appeal from Mahaska Circuit Court.*

TUESDAY, APRIL 4.

PLAINTIFF claims to recover on several counts for work and labor done, money loaned, and on a promissory note.  The petition shows that the promissory note covers the same demands set up in the counts of the petition for the other causes of action, and claims to recover but once on each separate cause of action, either upon the count of the note or upon the other counts.  There was a verdict and judgment for plaintiff.  Defendant appeals.

*Williams & McMillen* and *Seevers & Cutts,* for appellant.

The court must judge of the admissibility of evidence and the jury of its sufficiency or character.  (1 Greenl. on Ev., 57.)  The jury must judge of the weight to be given expert testimony.  (*Lay v. Wiseman,* 36 Iowa, 306.)

*John F. Lacey* and *Crookham & Gleason,* for appellee.

Expert evidence is of the lowest order of evidence, or evidence of the most unsatisfactory character.  (*Borland v. Walrath,* 33 Iowa, 130.)

BECK, J.— I.  The answer of defendant put in issue plaintiff's right to recover on each and all of the counts of the petition.  The execution of the note, which is the foundation

of one count, was denied in the answer. Evidence to establish its execution was introduced by plaintiff, and was met by direct evidence of defendant in contradiction. The signature upon the note was compared with other signatures of defendant, admitted to be genuine, and witnesses, who were shown to be experts in determining questions of this kind, testified for the defendant, declaring that in their opinion the name signed to the note was not written by defendant. The plaintiff testified that the note was signed by defendant in his presence; he was corroborated to some extent by circumstances and facts disclosed by the evidence. The defendant in his evidence denied writing the signature and was in a like manner corroborated. The court upon this branch of the case gave to the jury the following instruction: "Our statutes provide that evidence respecting hand-writing may be given by comparison made by experts or by the jury with writings of the same person which are proved to be genuine. Evidence of this character has been introduced in the case at bar, and it will be for you to say how much weight shall be given to such testimony, taking into consideration the amount of skill possessed by the witnesses. But while it is proper to consider such evidence, and to give to it such weight as you may think it justly entitled to, yet it is proper to remark that it is of the lowest order of evidence, or evidence of the most unsatisfactory character. It cannot be claimed that it ought to overthrow positive and direct evidence of credible witnesses who testify from their personal knowlege, but it is most useful in cases of conflict between witnesses as corroborating testimony."

It is insisted that the instruction is erroneous in that it practically destroys what is called *expert evidence*, taking from it the force and weight given by the law.

Evidence to establish the genuineness of writing by comparison of experts with genuine writing is admissible under 1. EVIDENCE: Code, § 3655. The weight, which it is entitled to expert testimony. bear in satisfying the mind, is to be determined just as the force of all other evidence is settled. The observations and experience of daily life, as well as in the administration of justice in the courts of law, must be applied by

judges and jurors to enable them to decide to what extent the mind should be influenced by evidence submitted to them. From these sources we learn that the evidence of an intelligent witness of good memory is entitled to greater weight than the testimony of one possessing in a lower degree such character and qualities. In the same way we are informed that a man of bad character, who has established a bad reputation for truth, or who has been shown to have testified willfully falsely, is not entitled to that credit we accord to good and honest men. An inexperienced youth, a person of weak mind, great age or infirm health, when it appears from his testimony or otherwise that he wants acquaintance with or memory of the subject of which he gives evidence, will fail to carry conviction to the mind against the statements of witnesses of opposite qualities and higher capacity. The evidence of all such is competent, yet it wants weight because experience and observation satisfy us that it is not entitled to credence to the same extent that evidence of other witnesses ought to receive. The same thing is true of certain classes or kinds of evidence. The memory of men as to facts is not as satisfying to the mind as a writing, in an investigation involving past events. Ordinary, but not necessary, manifestations of the existence of a thing is competent evidence of the fact of such existence, but they will not convince the mind, when contradicted by other evidence which experience teaches will more surely lead to truth. The effect, then, which all evidence has upon the mind is determined by observation and experience, the only original instructors of wisdom. These teach that the evidence of experts is of the lowest order and of the most unsatisfactory character. *Borland v. Walrath*, 33 Iowa, 130. We believe that in this opinion experienced laymen unite with members of the legal profession.

II. Counsel object to the instruction on the ground that the court therein usurped the province of the jury in determining the weight of the evidence in question. We think the instruction is not obnoxious to this objection. It is surely proper for the court to announce to the jury rules sanctioned by reason and experience, to enable them to

2. ———: weight of: instruction.

rightly weigh the evidence submitted in the case. They may be informed that a writing is entitled to more weight than statements founded merely on memory; that, as between witnesses of equal honesty, the more intelligent is entitled to greater credit; that a dishonest witness may be regarded with suspicion and the like. The instruction attempts nothing different. It does not take from the jury the duty of determining the weight to which the expert evidence is entitled, but simply gives them rules for the proper discharge of that duty.

III. In an instruction intended to direct the jury in determining upon which side the preponderance of evidence would be found, the court informed them that it

3. ———:
reasonable-
ness of state-
ments.

was not necessarily upon the side of the greater number of witnesses; that if they believed one witness spoke the truth his evidence would outweigh a greater number contradicting him. The instruction then proceeds in this language: "Of course if the witnesses were equal in credibility and had equal means of knowing the facts about which they testify, then the preponderance of the testimony would be determined by the greater number." The instruction leaves out of view the *reasonableness* of the respective conflicting statements, and in this respect is erroneous. It is very plain that if an equal number of witnesses of equal credibility should testify in conflict, their evidence would not be in equipoise if the statements of one side were more in accord with reason than those of the other. So, if two witnesses were to contradict three, all of equal credibility, we would be guided, in resting our faith, by reason, and would adopt the statement of the smaller number if it were more reasonable than the evidence of the others. In such a case the rule of the instruction would adopt the evidence of the more numerous witnesses, though their story should be in conflict with experience and reason. This is not the rule of the law.

Plaintiff's counsel insist that this instruction was given for defendant's benefit, and if any prejudice was wrought thereby it was to plaintiff alone. We cannot reach this conclusion, but on the contrary think defendant may have been prejudiced by the error. Undoubtedly, in the conflict of evidence among

quite a number of witnesses on both sides, there was a great necessity for the jury to exercise sound reason in weighing the conflicting evidence in order to determine which side had the preponderance.

The other points made in the argument of counsel need not be considered, as it is not probable that they will arise upon a new trial. For the error pointed out the judgment of the Circuit Court is

REVERSED.

SEEVERS, CH. J., having been of counsel for defendant, took no part in the decision of this cause.