[No. 3941.   Decided April 9, 1902.]

JOHN B. GUSTAFSON, *Respondent*, v. SEATTLE TRACTION COMPANY, *Appellant*.

MASTER AND SERVANT — NEGLIGENCE OF MASTER — SUFFICIENCY OF EVIDENCE.

The question of defendant's negligence is one for the jury, where its superintendent directed a 2,100-pound hammer to be fastened to the top of the gins of a pile driver and then ordered six men to take hold of a rope to let down the gins, which were movable on an axle, and the plaintiff was injured by being caught by the rope, as it slipped through the hands of his fellow servants; there being evidence that the easy and safe way to lower the gins was by first letting down the hammer, and there being a conflict in the testimony as to the number of men who actually had hold of the rope.

SAME — INSTRUCTIONS — MASTER'S DUTY.

An instruction upon the duty of the master to provide reasonably safe machinery and appliances is not erroneous when it adds as a duty of the master that he is "not to expose the servant to danger in the performance of his work."

SAME — EXPERT WITNESSES.

In an action to recover for injuries received by reason of plaintiff's being caught and thrown by a rope which he and some fellow servants were directed to take hold of for the purpose of lowering the gins of a pile driver, with a 2,100-pound

hammer fastened at the top, where plaintiff had introduced the testimony of his fellow servants that the number of men ordered to take hold of the rope was insufficient to hold it and the defendant had introduced an expert engineer who testified, after making a mathematical calculation, that the superintendent had directed a sufficient force to manage the rope, a charge to the jury that all evidence given as to the opinion of an expert witness should be considered and weighed by them "with caution"; that "when the testimony of the witness entered the domain of opinion, then his testimony should be weighed and considered by you with caution," was erroneous, on the ground that expert testimony is entitled to be weighed by the same tests as other testimony, and on the further ground that the reiterated use of the term "caution" in connection with the expert's testimony tended to single out and impair the weight of his testimony.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge pro tem.   Reversed.

Preston, Carr & Gilman, for appellant.

Brady & Gay, for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action for damages for personal injuries. The superintendent of the defendant street railway company was driving piles in repairing the track of the street railroad. The pile driver was so constructed that the gins (that is, the upright pieces between which the hammer plays when the driver is in operation) could be raised and lowered. They were built upon a fulcrum about the center of the car. When the driver was removed from place to place, the gins were turned down, so as to lie lengthwise of the car. When the driver was in operation, the gins were turned so as to stand in an upright position. The car was moved from place to place on the track by attaching to it a car with an electric motor. The driver could be raised or lowered by moving on an axle or channel pin. It was about thirty-three feet

in length, eleven feet below the axle or channel pin, and twenty-two feet above. The hammer weighed about 2,100 pounds. In the end of the car was placed a block with pulleys. There was also another block with pulleys fastened to the bottom of the pile driver. Through these pulleys passed a rope, of which one end was left free, and extended for some distance. The superintendent desiring to remove the pile driver from where a pile had been driven to the opposite side of the track, it was necessary to lower the gins so that they could pass underneath a trolley wire which extended some distance above the level of the track. The hammer was attached to the top of the gins, and left in that position. The blocks and tackle were rigged to the lower end of the gins. The superintendent directed the plaintiff and five other men to take hold of the fall which extended from the blocks, so as to steady the gins. While the gins were being lowered, the rope slipped or was pulled from the hands of the men, and the gins fell rapidly, taking the rope with such rapidity that plaintiff's foot or leg became entangled in it; and he was thrown a considerable distance, and sustained the injuries alleged in the complaint. The verdict was for the plaintiff.

1.   The first error claimed by appellant is the denial of defendant's motion for a non-suit at the conclusion of plaintiff's testimony, and for dismissal at the conclusion of trial. The material conflict in the testimony was as to the ability of the five men to hold the rope which they were ordered to take by the superintendent, and let the gins down slowly. The testimony on the part of the plaintiff tended to show that the men holding the rope were not able to prevent the rapid falling of the gins. There was also some dispute in the testimony relative to the number of men who actually had hold of the rope. It

was maintained by plaintiff that the easy and safe way to lower the gins was to first let down the hammer, and that there was risk in the method directed by the superintendent. We think the question of negligence on the part of the defendant was appropriately one for the consideration of the jury.

2. Counsel for defendant complain of part of an instruction given by the court as follows:

"It is the duty of a master to furnish to the servant reasonably safe and secure machinery and appliances in the performance of his work, and not to expose the servant to danger in the performance of his work." .

But a careful examination of the whole instruction relative to the master's duty does not leave a prejudicial meaning in the expression "not to expose to danger," etc. The instruction, all together, fairly placed before the jury the duty of the master to provide reasonably safe machinery and appliances in the performance of the work. It, perhaps, may be said that the statement that the master ought not to expose the servant to danger in the performance of his work is correct, as an abstract legal statement; and, while not a happy expression to embody in an instruction, we do not think an inference was drawn from it that was injurious to the defendant.

3. The superintendent directed the plaintiff and his fellow workmen to take hold of the rope and lower the gins, and one important contention was whether the number of men who were ordered to take hold of the rope was sufficient to let the gins down in safety. There was testimony of the workmen on the part of the plaintiff tending to show that the number of men called to hold the rope was insufficient, and they were not able to carry out the direction. This evidence included an expression of opinion by these workmen, who were themselves familiar

with the construction of the pile driver, and had partici-
pated in the attempt to perform the orders of the super-
intendent. Defendant had an expert witness (an engi-
neer), who was given what purported to be the facts at-
tending the operation of the pile driver and the accident,
and who had made a mathematical calculation as to the
ability of the number of men mentioned to properly con-
trol the rope, and the opinion given by the expert tended
to sustain the contention of the defendant that there was
sufficient force to manage the rope. The court, on the
submission of the cause, gave the following instruction:

"There has been some expert testimony given in this
case. The court instructs you that all evidence given as
to the opinion of a witness should be considered—of the
opinion, mark you, of a witness—should be considered
and weighed by you with caution. You are to carefully
separate, if a witness is introduced as an expert, what he
testifies to as a fact, and what he testifies as to his opinion.
As to facts that he testifies to that came under his ob-
servation, of course, his testimony is to be weighed the
same as any testimony of any witness who is credible, or
whom you find to be credible, who testifies to what he saw,
to what he heard, or to what he knew. But when the tes-
timony of the witness entered the domain of opinion, then
his testimony should be weighed and considered by you
with caution. While the testimony of experts is compe-
tent, its weight and credibility is a matter entirely for
your consideration. Such testimony should be carefully
considered with reference to the supposed or proven facts
upon which the opinion of the expert or experts are
founded."

The giving of this instruction is assigned as error
prejudicial to the defendant. It is urged that the instruc-
tion applied particularly to the expert witness introduced
by defendant, and thus singled out his testimony, and
directed that it be weighed with caution. Relative to the

proper instruction in the submission of expert testimony to the jury, there is apparently much confusion, when the reported cases are examined, and some of them are seemingly irreconcilable. Rogers, Expert Testimony (2d ed.), § 206, states the different theories:

"(1) That expert testimony is to be considered like any other testimony in the case, and tried by the same tests. (2) That expert testimony is to be received with caution. (3) That expert testimony is entitled to little weight. (4) That expert testimony is entitled to great weight."

From an examination of the authorities, it would seem that some confusion arises when the probative value of opinion evidence and its competency, as legal propositions, are under discussion, and when it is commingled with what should be the proper instructions given to the jury. The great weight of legal opinion seems to be that opinion evidence is less reliable, less valuable, than evidence of facts. This view is frequently expressed by eminent jurists. Judge MILLER in *Middlings Purifier Co. v. Christian*, 4 Dill. 448; also *Beaubien v. Cicotte*, 12 Mich. 459; *Grigsby v. Clear Lake Water Co.*, 40 Cal., 396; *Hayes v. Wells*, 34 Md. 512. But it does not necessarily follow that such expressions of the value of expert testimony, although correct and the general view, should be embodied in instructions to a jury. It certainly cannot be laid down as a general rule to be given to a jury that expert testimony is of great value or little value. In fact, it may sometimes be of great value, and sometimes valueless. It depends on a variety of circumstances which ought to be considered, among which the most important are the extent of the knowledge of the expert, his opportunities for observation, and his skill and experience. It would seem then that the first view is correct; that is,

that such testimony is to be considered and weighed by the same tests as other testimony, although it may be appropriate for the court, according to the nature of the trial and the evidence, to explain something of the nature of expert testimony, and to define the difference between the witness who testifies to facts and one who testifies to his opinion; and perhaps all of the instruction under consideration cannot be said to be objectionable. But the court, in the instruction, applies it principally to one witness, and, after an injunction to carefully weigh, adds that this must be done with caution, and repeats in the instruction that this testimony must be considered with caution. The contention of counsel for appellant that the use of the word "caution," repeated in the connection in which is was placed, tended to single out and impair the weight of the evidence given by the expert, seems reasonable; and, under the distinction between the functions of the court and those of the jury, fundamental in the trial of law cases, the competency of evidence must be determined by the court, and its weight by the jury. The word "caution," in the sense used here and in other instructions of similar import, has been deemed in other jurisdictions sufficiently prejudicial to reverse the case. *Atchison, etc. R. R. Co. v. Thul,* 32 Kan. 255 (4 Pac. 352, 49 Am. Rep. 484); *People v. Seaman,* 107 Mich. 348 (65 N. W. 203, 61 Am. St. Rep. 326); *Louisville, etc., Ry. Co. v. Whitehead,* 71 Miss. 451 (15 South. 890, 42 Am. St. Rep. 472); *Weston v. Brown,* 30 Neb. 609 (46 N. W. 826); *State v. Hundley,* 46 Mo. 414; *Burney v. Torrey,* 100 Ala. 157 (14 South. 685, 46 Am. St. Rep. 33); *Eggers v. Eggers,* 57 Ind. 461; *Pannell v. Commonwealth,* 86 Pa. St. 260. It is true, a contrary ruling has been made by some of the courts. See *United States v. Pendergast,* 32 Fed. 198; *Whitaker v. Parker,*

42 Iowa, 585; *People v. Perriman,* 72 Mich. 184 (40 N. W. 425). The last case seems to have been disapproved in *People v. Seaman, supra.*

For error in this instruction, the judgment is reversed, and the cause remanded for a new trial.

HADLEY, FULLERTON, WHITE and MOUNT, JJ., concur.