[No. 4506.   Decided March 5, 1903.]

ROYAL C. NELSON, *Respondent,* v. F. McLELLAN, *Appel-
lant.*

NEGLIGENCE — DEPOSIT OF EXPLOSIVES ON VACANT LOT — INJURY TO
    CHILDREN.

The placing of sticks of dynamite in a box upon vacant city
lots upon which children are accustomed to play constitutes neg-
ligence, where the box is partially buried out of sight, but suffi-
ciently exposed to be an object of attraction to children, to whom
its contents are accessible by reason of deficient covering.

INSTRUCTIONS — WEIGHT OF EXPERT EVIDENCE.

Expert testimony, being competent testimony under the law,
must go to the jury as any other testimony in the case, and it is
error for the court to discriminate in any way against its weight
in instructing the jury.

Appeal from Superior Court, King County.—Hon.
WILLIAM R. BELL, Judge. Reversed.

*Roberts & Leehey,* for appellant.

*Preston, Carr & Gilman* and *J. W. Rayburn,* for respon-
dent.

The opinion of the court was delivered by

DUNBAR, J.—The respondent, in company with another boy, was playing on some vacant lots in the city of Seattle, and, observing a box which was not altogether covered, investigated the same, and found in it some sticks of explosive powder known as "Judson dynamite No. 2." According to the testimony of the boys, these sticks of dynamite were already prepared for explosion. They took one of them (thinking it was a large fire-cracker, it being about six inches long) to a stump, lit a match, and applied it to the fuse. The dynamite exploded, and the respondent was injured thereby, losing one of his eyes. The dynamite was exploded by the boy who was playing with the respondent. It was on the Fourth of July, and they were out on the lots aforesaid exploding fire-crackers. Action was brought for damages, and a judgment of $3,000 obtained. From such judgment this appeal is taken.

The complaint alleges, among other things, that the defendant was under contract with the city of Seattle to improve Denny way, and other ways, avenues, and streets of the city; that, while engaged in the prosecution of the work, he used an explosive powder known as "Judson dynamite No. 2" (setting forth the character of the powder, and the care and skill necessary to handle it); that, without the knowledge or consent of the plaintiff or the parents of the plaintiff, and without leave or license from the owner of the premises on which the powder was stored, he wrongfully, carelessly, negligently, and improperly did store more than twenty sticks of said powder, and did suffer it to be and remain, on said premises on the fourth day of July, 1899, badly, insufficiently, and deficiently covered, and in such position as to be readily discovered and easily tampered with by children playing upon or passing

over said lot; that the plaintiff and his companion were boys of tender years, and wholly ignorant of the dangerous properties of said powder; that while playing upon said lot they found and discovered a box placed with its contents upon said lot by the defendant, containing a quantity of dynamite aforesaid, said box having been there placed by the defendant negligently, insufficiently, and deficiently covered; that the said children, having found the box as aforesaid, prompted by childish curiosity, opened the same and found therein the said sticks of powder; that thereupon the said William Kiger (the boy who was accompanying respondent), without fault or negligence on his part, and without fault or negligence of this plaintiff, took from said box, in plaintiff's immediate presence, one of the sticks of powder aforesaid, and, supposing it to be some kind of a fire-cracker, such as that in common use on that anniversary, ignited the fuse attached thereto, whereupon the said stick of powder exploded with great force, and by the explosion thereof the injury set forth in detail was caused. Damages were claimed in the sum of $20,000. The complaint contains the other ordinary allegations in such cases. A demurrer was interposed to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and the overruling of the same is appellant's first assignment of error.

We think, if the powder was placed on vacant city lots, upon which children are accustomed to play, in the manner described by the complaint, that it is negligence on the part of the person so depositing it, and, in the absence of contributory negligence—which does not appear from the complaint—responsibility for damages will attach. There is a great diversity of decision upon cases of this character, the particular circumstances of each case generally con-

trolling.   But, without entering into an analysis of the many cases which might be cited, we think the cases cited by the respondent sustain the complaint in this case. *Harriman v. Railway Co.*, 45 Ohio St. 11 (12 N. E. 451, 4 Am. St. Rep. 507), it seems to us, is a parallel case. There the defendant or its servants negligently placed and left on the track an unexploded signal torpedo, at a place which had been used as a crossing.   The torpedo was picked up by a boy of nine years of age, and carried by him into a crowd of boys near by.   Being ignorant of its explosive character, he attempted to open it, the torpedo exploded, and the plaintiff, a boy of ten years of age, was injured by the explosion.   It was held under this state of facts that the negligence of the company's servants was the proximate cause of plaintiff's injury.   The only difference between that case and this is that in this case there had been an attempt to conceal the powder by burying it out of sight.   But, if the testimony of the respondent and the witness Willie Kiger is true, the box was not completely buried, and nothing would appeal more strongly to the natural curiosity of a boy seven years old than a box in such a place partly disclosed.   We think the complaint stated a cause of action, and there was no error committed in overruling the demurrer to the same.

It is strongly contended that the court erred in denying defendant's motion for a nonsuit, in denying the challenge of defendant to the sufficiency of the evidence, and in refusing to render judgment in favor of defendant against plaintiff upon the evidence.   The evidence was contradictory, and, if the jury believed the testimony of the witnesses for the respondent—and the credibility of the witnesses was for the jury alone to determine—there was sufficient testimony to sustain the judgment.

The same may be said of the fourth assignment, that

the court erred in holding that the evidence showed that the powder was stored and kept in such a manner as to be rendered particularly attractive to children. We think that the instructions of the court generally stated the law fairly, and as favorably to the appellant as it was entitled to, both in relation to the independent agency of William Kiger, the boy who exploded the powder, and in every other particular, except instruction 28, which we will hereafter notice, and that no error was committed by the court in refusing instructions offered by the defendant, as such instructions, so far as they were justified by the law, had already been given by the court in its direct instructions. But the court instructed the jury as follows:

"I charge you further, that the testimony of expert witnesses is proper evidence to be received and considered by you, and is entitled to such weight with you as in your judgment as fair-minded men it is entitled to, but it is not of as high grade as evidence—is not as good evidence of a fact, as the testimony of a credible witness or witnesses who testify to having seen the fact itself occur. In other words, the testimony of an eyewitness to an occurrence, whom you find to be a credible witness, is entitled to more weight with you than that of an expert witness who did not see the occurrence, but testifies only to his opinion in the matter."

The giving of this instruction is assigned as error, and, while it is contended by the respondent that such instruction embodies a proper statement of the law, and some cases are cited to sustain that view, yet this court has decided that expert testimony, being competent testimony under the law, must go to the jury as any other testimony in the case goes, and that the jury is the sole judge of the weight of such testimony, and that the court errs when by its instruction to the jury it discriminates in any way against the weight of such testimony. Such was the ruling

of this court in *Gustafson v. Seattle Traction Co.*, 28 Wash. 227 (68 Pac. 721), and *In re Blake Estate,* 136 Cal. 306 (68 Pac. 827).

For this error, the judgment will be reversed, and the cause remanded for a new trial..

FULLERTON, C. J., and HADLEY, J., concur.

MOUNT, J., concurs in the result.

ANDERS, J.—While I have no doubt that the instruction of the court, as set forth in the foregoing opinion, was erroneous, I am also of the opinion that appellant's motion for a nonsuit and for judgment should have been sustained, on the ground that the evidence failed to show negligence on the part of appellant.