[No. 4506. Decided February 29, 1904.]

ROYAL C. NELSON, *Respondent,* v. F. McLELLAN, *Appellant.*[1]

APPEAL—COSTS—DISBURSEMENTS FOR MAKING TRANSCRIPT—PER FOLIO CHARGE. In taxing the costs of an appeal, not more than ten cents per folio can be allowed as disbursements for stenographer's fees in making a transcript of the evidence, under Laws 1893, p. 132.

SAME—TAXATION OF COSTS—ESTIMATING FOLIOS IN TRANSCRIPT. Where no actual count of the folios was made, the clerk's estimate made by counting the folios on several pages and taking the average should prevail over a general average for similar class of work.

Motion by appellant to retax the costs.    Denied.

[1]Reported in 75 Pac. 635.

*Roberts & Leehey,* for appellant.

*Preston, Carr & Gilman* and *J. W. Rayburn,* for respondent.

FULLERTON, C. J.—The judgment appealed from in this cause was reversed, and costs were awarded to the appellant. 31 Wash. 208, 71 Pac. 747. In taxing these costs the clerk found the transcript to contain 1,211 folios, and allowed therefor the sum of $121.10, being at the rate of ten cents per folio. The appellant excepts to the amount allowed, and shows that he actually paid a stenographer for a transcript of the evidence the sum of $200, and asks that he be reimbursed in this amount for this item. He contends, (1) that the amount allowed by the clerk, viz., ten cents per folio, is less than the statute authorizes; and (2) that the clerk miscounted the folios, allowing only two and one-half folios to the page, while the stenographer charged him for three.

That part of the statute regulating the costs to be allowed on appeals to this court reads as follows:

"Costs shall be allowed in the supreme court, irrespective of any costs taxed in the case in the court below, to the prevailing party in the supreme court, on any appeal in any civil action or proceeding as follows: The fees of the clerk of the supreme court paid by the prevailing party, the fees of the clerk of the court below for preparing, certifying and sending up the records on appeal, or any supplementary record, paid by the prevailing party, and twenty-five dollars attorneys' fees, besides his necessary disbursements for the printing of briefs, and any sum actually paid or incurred by the prevailing party as stenographer's fees, not exceeding ten cents a folio, for making a transcript of the evidence or any part thereof included in the bill of exceptions or statement of facts. . . ." Laws of 1893, p. 132, § 29.

It seems to us that this statute is so plain as to leave no room for doubt as to its meaning. The statute has two limitations: if the amount paid or incurred as stenographer's fees is less than ten cents per folio, only the amount so paid or incurred can be recovered as costs; but, if the amount paid or incurred equals or exceeds ten cents per folio, the amount to be recovered is limited to ten cents per folio.

It may be true, as the appellant contends, that this sum will not reimburse him for the amount of his actual outlay, but that is not a matter with which the court can concern itself. The regulation of court costs is for the legislature, and that body must be appealed to if the costs allowed by it are either burdensome or insufficient; the courts can do no more than follow its mandate, so long as it acts within its constitutional powers.

As to the second question, neither the appellant nor the clerk determined the number of folios by actual count. While the appellant does not make the method by which he estimated the number very clear, it seems, from the affidavits filed, that three folios per page was taken as the average because it was found that such was the general average of similar work. The clerk made his estimate by counting a number of pages of the transcript and taking the average of these as an average for the whole. This latter method, it seems to us, is more apt to be correct for the particular work, and we shall for that reason allow his estimate to stand.

The motion to retax is denied.

HADLEY, MOUNT, and ANDERS, JJ., concur.