[No. 26478. *En Banc.* April 22, 1937.]

THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Plaintiffs,* v. J. E. STONE, *as Judge of the Superior Court for Cowlitz County, Respondent.*[1]

[1]Reported in 67 P. (2d) 320.

146

*The Attorney General* and *J. A. Kavaney, Assistant,* for relators.

*Wm. H. Sibbald,* for respondent.

TOLMAN, J.—By this proceeding the relators seek a writ of prohibition directed to the Honorable J. E. Stone, judge of the superior court for Cowlitz county, restraining and prohibiting further proceedings in the matter hereinafter detailed.

In July, 1936, in a cause then pending on appeal from the joint board of the department of labor and industries, entitled Joe Puliz v. Department of Labor and Industries of the State of Washington, the respondent judge, after a hearing on the merits, made findings of fact and conclusions of law and thereupon entered a judgment dated July 6, 1936, as follows:

"The above entitled matter, having been appealed from the department of labor and industries, and coming on for hearing on the 17th day of June, 1936, the plaintiff appearing in person and by his attorney, W. H. Sibbald, the Department of labor and industries appearing by the attorney general, G. W. Hamilton and J. A. Kavaney, assistant attorney general, at which time the case was tried entirely on the record, no additional evidence having been adduced, the only evidence before the court being the same as that which was before the court on the previous trial and the court having reconsidered said evidence and the argument of counsel, and the court having made findings of fact and arrived at conclusions of law thereon;

"Now, THEREFORE, in accordance with such findings of fact and conclusions, IT IS ORDERED, ADJUDGED AND DECREED that the department of labor and industries pay to the plaintiff a further award of fifteen degrees, being the amount of $450.00 and time loss beginning November 3, 1933, the date of the first operation since the last final closing order, which has not been appealed from, at the rate of $40.00 per month up to and including the 18th day of July, 1934, less such time loss as has been paid during such time and the further sum of $175.00 as attorneys fees and for his costs and disbursements herein."

In due time the plaintiff in that cause gave notice of appeal from that judgment and the whole thereof to this court and, so far as here appears, has perfected that appeal in a timely manner. The department of labor and industries took no appeal from that judgment.

On September 5, 1936, and after his appeal to this court had been perfected, the plaintiff in that cause procured the issuance by the superior court of an order to show cause, directed to the department as judgment debtor, requiring it to show cause, at a time fixed, why the judgment should not be paid forthwith. A motion to quash the show cause order was interposed and granted, but thereupon the trial court treated the application for the order as an application for a writ of execution and ordered execution to issue. A special writ of execution was issued to the sheriff of Thurston county, who apparently made proper demand, but the demand was not complied with and the judgment was not paid. Thereupon the plaintiff (appellant) in the original cause obtained an order from the court directed to the official head of the department of labor and industries requiring him to show cause why he should not be adjudged in contempt of court because of his refusal to comply with the execu-

tion and pay the judgment. Upon the service of that order the relators instituted this proceeding.

In his brief on the appeal to this court the appellant assigns error upon the denial to him of a finding of total permanent disability, which finding would carry with it not a lump sum award, as provided for in the judgment appealed from, but a monthly pension, as provided for in Rem. Rev. Stat., § 7679 [P. C. § 3472].

█ Manifestly, if the injured workman accepts payment of the award for partial permanent disability allowed him by the judgment, his action in so doing would be inconsistent with his claim on appeal for total permanent disability and would necessarily work a dismissal of his appeal because if, by or through the appeal, he succeeds in obtaining an award of total permanent disability and the consequent pension, that award would absolutely annul and supersede the award for partial permanent disability allowed him by the judgment which he now seeks to enforce. The law is well settled in that respect.

"Subject to the exceptions and qualifications hereafter stated, the general rule is that a party who enforces, or otherwise accepts the benefit of, a judgment, order, or decree cannot afterward maintain an appeal or writ of error to review the same or deny the authority which granted it. A party cannot avail himself of that portion of an indivisible judgment, order, or decree which is favorable to him, and secure its fruits, while prosecuting an appeal to reverse in the appellate court such portions as militate against him. Nor can a party appeal from an order after he has obtained the benefit of a subsequent order made at his request and based upon the order from which he attempts to appeal." 3 C. J. 679, § 552.

"It is quite generally conceded that one cannot ordinarily accept or secure a benefit under a judgment or decree and then appeal from it or sue out a writ of error, when the effect of his appeal or writ of error may be to annul the judgment." 2 R. C. L. 61, § 44.

"Applying the general principle announced in the preceding paragraph, it is settled that after a party receives payment of a judgment or decree he cannot appeal therefrom or prosecute an appeal theretofore taken." 2 R. C. L. 63, § 45.

See, also, the extensive note following the case of *McKain v. Mullen*, 65 W. Va. 558, 64 S. E. 829, 29 L. R. A. (N. S.) 1.

This rule, like all good rules, must work both ways. If one may not prosecute an appeal after accepting the fruits of the judgment, then, by the same token, he may not force payment of the judgment while he is prosecuting an appeal therefrom.

There are, of course, well recognized exceptions to the rule, but this case falls within none of them. Had the department complied with the execution and paid the judgment, it would thereupon have been entitled to a dismissal of the appeal, but the judgment has not been paid, the judgment creditor has not yet accepted payment, and it is, perhaps, questionable whether he has yet gone so far that he cannot recede. In any event, we cannot here consider or direct the dismissal of the appeal in the original cause.

In view of the whole situation, as here disclosed, and the pendency of the appeal, we are of the opinion that the writ should issue to maintain the *status quo* until the appeal is dismissed or is heard and disposed of on the merits by this court.

Let the writ issue.

STEINERT, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting)—While in his appeal (No. 26448) Joe Puliz insists that he is permanently disabled and therefore entitled to a pension, and also seeks recovery of time loss compensation for the period from July 18, 1934, to the date of the judgment,

it should be borne in mind that he was awarded by the trial court time loss to July 18, 1934, and that the department did not appeal from that judgment. In other words, the department concedes that the claimant is entitled to time loss compensation to July 18, 1934. So far as that award is concerned, we may not diminish same.

In the absence of a bond superseding the judgment —in view of Rem. Rev. Stat., § 7697 [P. C. § 3488], the judgment in the case at bar cannot be superseded; the claimant may enforce payment. To the amount awarded by the trial court, time loss compensation to July 18, 1934, the claimant is entitled absolutely. The reversal of the judgment cannot impair his right to that amount. If the department had tendered to him that sum, and he had accepted it, such acceptance would not be inconsistent with his attempt to reverse the judgment on the grounds constituting the basis of his appeal. Those two grounds, it will be remembered, are that he is entitled to time loss compensation from July 18, 1934, to the date of the judgment, and that he is permanently disabled, therefore, as a pensionable status.

I note the quotation in the majority opinion from 3 C. J. 679, § 552. The remainder of that section reads as follows:

"*The rule does not apply,* unless appellant has accepted a substantial benefit; nor does it apply where the parts of the judgment or decree are separate and independent, and the receipt of a benefit from one part is not inconsistent with an appeal from another, or *where the right to the benefit* received *is conceded by the opposite party or appellant is entitled thereto in any event,* so that it could not be denied if the portions of the judgment or decree granting it should be reversed, or in other cases in which the acceptance of the benefit or partial enforcement of the judgment is not inconsistent with an appeal and reversal. 'The

acceptance of benefits must be voluntary, in the sense that the party is not required by the decree to do the act relied upon as a release of errors.'

"Reservation of right. As a rule a party cannot reserve the right of appeal while accepting payment or otherwise taking a benefit under the judgment; but this rule does not prevent his entering into an agreement by which, with a view of saving expenses, the parties come together as far as they can agree, but reserve the right to contest the points upon which they cannot agree."

"*The rule that a party cannot maintain an appeal* or writ of error *to reverse a judgment* or· decree *after he has accepted payment of the same in whole or in part has no application,* as a rule, *where appellant is shown to be so absolutely entitled to the sum collected or accepted that reversal of the judgment* or decree *will not affect his right to it,* as in the case of the collection of an admitted or uncontroverted part of his demand, and in other like cases, for, 'in cases of this character, there can be no injustice, or vexatious oppression to the defendant, in allowing the plaintiff to receive that to which he is unquestionably entitled, and to confine future litigation only to so much of plaintiff's claim as may be bona fide disputed.'" 3 C. J. 682, § 556. (Italics mine.)

Volume 2, R. C. L. 63, § 45, in restating the general rule enunciated in 2 R. C. L. 61, § 44, that, after a party receives payment of a judgment or a decree, he cannot appeal therefrom or prosecute an appeal theretofore taken, stresses the application of the rule to a situation where the party coerces payment by execution. It is well, however, to quote 2 R. C. L. 61, § 44, as follows, which clearly shows that Puliz, the appellant in cause No. 26448, is outside the rule invoked by the majority:

"It is quite generally conceded that one cannot ordinarily accept or secure a benefit under a judgment or decree and then appeal from it or sue out a writ of error, when the effect of his appeal or writ of error may be to annul the judgment. Thus the defendant

in a suit by which his tax deed is set aside cannot unreservedly accept the taxes, interest, and charges tendered by the bill and ordered by the decree to be paid him, and then appeal from the decree, since his acceptance is a positively implied waiver of his right of appeal, nor will an offer to return the money, made long after its acceptance, avail to prevent the dismissal of an appeal in such case. Also compelling the surrender of the parcel awarded the plaintiff in an action of ejectment and payment of taxed costs, by threat of executing the writ of restitution which had been issued, prevents him from attempting to reverse the judgment on appeal although he was denied relief as to a large parcel of land upon which he claimed that the defendant had wrongfully encroached. The rule as to the waiver of the right of review by accepting benefits under the judgment or decree has been applied in many kinds of actions, including both real and personal actions, and in some jurisdictions it has been embodied in the statutes. The rule just stated is subject to the exception, that where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit. A good illustration of this doctrine is the case of an action to recover one thousand dollars, in which the only defense is a counterclaim for five hundred dollars. It is obvious that five hundred dollars of the plaintiff's claim is admitted. If the defendant succeeds in establishing his counterclaim, thus reducing the plaintiff's recovery to five hundred dollars, the plaintiff may collect the five hundred dollars awarded to him by the judgment, and still appeal from such judgment to secure a reversal, to the end that he may defeat the counterclaim and recover judgment for his entire demand on a new trial. The five hundred dollars he is entitled to absolutely. The reversal of the judgment and the second trial of the case cannot impair his right to it. Accepting this sum is, therefore, not inconsistent with his attempt to reverse the judgment, that he may on a new trial recover more. He can never recover less. It is the

possibility that his appeal may lead to a result showing that he was not entitled to what he has received under the judgment appealed from, that defeats his right to appeal. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from. So, also, in the case of an order discontinuing an action over the objection of the defendant instead of dismissing it, the acceptance of the costs taxed on the discontinuance, when they were such that he would have been entitled to them whether the judgment was one of discontinuance or dismissal, does not operate to waive the defendant's right of appeal from the judgment of discontinuance. This branch of, or exception to, the general rule that a party who has taken advantage of a decree may not afterwards question its validity has also been applied in the case of a decree consisting of two separate, distinct, and unrelated parts, the disposition of either of which can in no wise affect the decision as to the other. If it is possible for the appellant to obtain a more favorable judgment in the appellate court without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court, then the acceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing, without retrial of the whole case, a decision more advantageous to him."

The reversal of the judgment cannot possibly affect appellant Puliz's right to the award of time loss compensation to July 18, 1934. Therefore, he may compel payment of, and also prosecute an appeal from, that judgment on the two grounds above stated.

"The general rule, enacted into statute in at least one jurisdiction, is that a litigant who has, voluntarily and with knowledge of all the material facts, accepted the benefits of an order, decree, or judgment of a court, cannot afterwards take or prosecute an appeal or error proceeding to reverse it. Although some courts have intimated that there might be a distinction between judgments at law and decrees in equity, on the

ground that a judgment at law is an entirety and cannot be reversed in part, while this is not true of a decree in equity, it seems that no distinction is generally made. The reason for this rule is that a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor, and appeal from those against him,—in other words, that the right to proceed on a judgment and enjoy its fruits and the right to appeal therefrom are totally inconsistent positions, and the election to pursue one course must be deemed an abandonment of the other.

"A mere tender of the benefits of a judgment, which is refused, does not operate as an estoppel.

"The general rule stated in the preceding section is subject to an exception which has been recognized and allowed in specific instances and a great variety of cases, enough, perhaps, to give rise to a new rule that where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit. Thus, it is possible for the appellant to obtain a more favorable judgment in the appellate court without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court, then the acceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing, without retrial of the whole case, a decision more advantageous to him. And in some jurisdictions it is provided by statute that when a party recovers judgment for only part of his demand, the enforcement of such judgment shall not prevent him from prosecuting an appeal therefrom as to so much of the demand or property sued for as he did not recover.

"Another exception to the general rule has also been applied in the case of a decree consisting of two separate, distinct, and unrelated parts, the disposition of either of which can in no wise affect the decision as to the other. So, also, in the case of an order discontinuing an action over the objection of the defendant instead of dismissing it, the acceptance of the costs taxed

on the discontinuance, when they were such that he would have been entitled to them whether the judgment was one of discontinuance or dismissal, does not operate to waive the defendant's right of appeal from the judgment of discontinuance.

"In accordance with the general principles announced in the preceding sections, it is settled in most, though not all, jurisdictions that after a party receives payment of a judgment or decree he cannot appeal therefrom or prosecute an appeal theretofore taken. This is especially true where the party coerces payment by execution. Likewise, a plaintiff who accepts money deposited in court, for the purpose of satisfying the judgment which he has recovered, is precluded from taking and prosecuting an appeal from such judgment. Where, however, a judgment or decree was rendered in favor of the plaintiff for only the uncontroverted part of his claim, it has been held that his acceptance of payment did not preclude him from appealing to determine whether he should not have been allowed more." 2 American Jurisprudence, §§ 214, 215, 216, pp. 975 to 979.

The writ should be denied.

MAIN, HOLCOMB, and GERAGHTY, JJ., concur with MILLARD, J.