[No. 28502. Department Two. October 27, 1941.]

AUGUST OTTER, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent,* SNO-QUALMIE FALLS LUMBER COMPANY, *Appellant.*[1]

[1]Reported in 118 P. (2d) 413.

*W. E. Heidinger, Ralph M. Rogers,* and *T. J. Hanify,* for appellant.

*Harry Ellsworth Foster* and *Rummens & Griffin,* for respondent August Otter.

BLAKE, J.—In April, 1937, plaintiff sustained injuries while engaged in extrahazardous employment for the Snoqualmie Falls Lumber Company. He presented a claim for compensation to the department of labor and industries, which allowed him time loss for fifteen days, and then closed the claim as of June 10, 1937. The claim was reopened as of June 26th of that year.

It was again closed as of January 10, 1938, with allowance by the supervisor for time loss to that date, and, on March 17th, he was given an award of three hundred dollars (ten degrees) for permanent partial disability.

Plaintiff filed a petition for rehearing before the joint board, which the latter granted. After numerous examinations and some half dozen hearings before examiners, the joint board, on April 8, 1940, reversed the order of the supervisor and entered an order, directing the latter to reopen the claim and make a further allowance of time loss to March 23, 1939, and an additional award of six hundred dollars (twenty degrees) for permanent partial disability, and close the matter. Pursuant to this order of the joint board, the supervisor mailed warrants to the plaintiff's attorney, in the amounts of $756 and $600, covering the additional allowances for time loss and permanent partial disability, respectively. Plaintiff kept and cashed the warrants. April 24, 1940, he gave notice of appeal to the superior court of King county from the order of the joint board of April 8th. The employer also appealed to the superior court from that order.

In the superior court, the cause was tried to a jury upon evidence taken before the department of labor and industries. The jury found that plaintiff was *temporarily totally disabled* as a result of the injury sustained. Upon the verdict, the court entered judgment, reversing the order of the joint board and remanding the claim to the department of labor and industries for allowance of compensation to plaintiff on the basis of "temporary total disability." From the judgment so entered, the employer, Snoqualmie Falls Lumber Company, appeals.

Appellant contends, first, that the court erred in submitting to the jury the question as to whether

plaintiff was temporarily totally disabled. Appellant takes the position that respondent's claim in the superior court for compensation on the basis of temporary total disability was inconsistent with his claim in the department and his acceptance of the award for permanent partial disability. It is pointed out that medical experts called by him referred to his condition as a permanent partial disability. One of his expert witnesses, however, did not so regard his condition. The testimony of this witness, Dr. Swift, was clear and to the point that respondent was suffering the aftermath of a head injury, from which he could be relieved only by an operation.

Respondent never committed himself to a claim for permanent partial disability only. From the departmental record, it appears that, in his appeal from the order of the supervisor to the joint board, he was "contending that he is *temporarily totally disabled* and in need of further treatment and unless it is given and is successful he will be permanently and *totally disabled.*"

An injured workman is not to be deprived of his right to just compensation on any technical theory of election of remedies. There is no analogy between remedies in civil actions and rights accorded under the industrial insurance act. The suggested analogy is contrary not only to the spirit, but also to the very letter of that act.

"The common-law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. . . . The remedy of the workman has been uncertain, slow and inadequate. . . . The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents is hereby provided regardless of questions of fault

and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." Laws of 1911, chapter 74, p. 345, § 1 (Rem. Rev. Stat., § 7673 [P. C. § 3468]).

 Nor is there any sound reason why a workman should be denied his right to appeal to the superior court because he accepts an award in an amount less than that to which he is entitled. It is argued, however, that, if he is permitted to retain the award, he may get more than he is entitled to if he is successful in his appeal. We think the latter consequence is not a practical probability.

The department, upon remand, may, and doubtless will, apply the award for permanent partial disability as an advance on payments for temporary total disability. The cases of *State ex rel. Department of Labor & Industries v. Stone,* 190 Wash. 145, 67 P. (2d) 320, and *State ex rel. Stone v. Olinger,* 6 Wn. (2d) 643, 108 P. (2d) 630, are not inconsistent with this view. The first case, on rehearing, was declared to have no authoritative value. 192 Wash. 699, 72 P. (2d) 605. In the *Olinger* case, this court merely declined to require the department to issue a warrant on an award by the supervisor for permanent partial disability after the claimant had appealed to the joint board and established his right to a pension under classification of permanent total disability. The only practical effect of that holding on the issue in this case is to authorize the department to apply the award for permanent partial disability as an advance on payments to which respondent will be entitled under the classification of temporary total disability.

 Appellant complains that respondent was per-

mitted to introduce evidence subsequent to the "first original rehearing" in violation of rule 4 of "Rules Governing the Procedure Before the Joint Board." The rule itself provides for the contingency—permitting the claimant, with the consent of the joint board, to introduce evidence "to rebut that proffered by the Department." Appellant insists that the evidence complained of was not "in rebuttal," but we think it was. In any event, the strict rules of trial procedure in civil actions are not to be applied to claims before the department of labor and industries.

■■ Appellant assigns error upon the refusal of the court to give an instruction requested by it as follows:

"You are instructed that while the testimony of non-expert witnesses has some bearing upon the question here involved, yet the actual facts in this case must be determined largely from the testimony of the medical witnesses."

This request was predicated on statements made in many of our cases to the effect that the "actual facts must be determined from the testimony of the medical witnesses." *Kavaja v. Department of Labor & Industries,* 126 Wash. 284, 218 Pac. 196; *Matson v. Department of Labor & Industries,* 198 Wash. 507, 88 P. (2d) 825. All the decisions in which such statements are found are cases in which the court was the "trier of the facts." They have no application to trials by jury, since the enactment of chapter 184, Laws of 1939 (Rem. Rev. Stat. (Sup.), § 7697-2 [P. C. § 3488]), providing that, on appeal from an order of the joint board, the jury's verdict shall have the same force and effect as in actions at law. *Alfredson v. Department of Labor & Industries,* 5 Wn. (2d) 648, 105 P. (2d) 37; *Bilski v. Department of Labor & Industries,* 8 Wn. (2d) 594, 113 P. (2d) 62.

The weight of the evidence and the credibility of witnesses is for the jury to determine under general instructions. *Murgatroyd v. Dudley,* 184 Wash. 222, 50 P. (2d) 1025. It is error for the court to single out any particular witness or class of witnesses and comment either favorably or unfavorably as to the weight or credibility to be accorded to their testimony. *Gustafson v. Seattle Traction Co.,* 28 Wash. 227, 68 Pac. 721; *Peizer v. Seattle,* 174 Wash. 95, 24 P. (2d) 444.

In *Nelson v. McLellan,* 31 Wash. 208, 71 Pac. 747, this court said that

". . . expert testimony . . . must go to the jury as any other testimony in the case goes, and that the jury is the sole judge of the weight of such testimony, and that the court errs when by its instruction to the jury it discriminates in any way against the weight of such testimony."

By the same token, it would be error to charge the jury that the testimony of experts is entitled to greater weight than the testimony of other witnesses.

■ Appellant also complains of the attorney's fee allowed by the trial court. It was in the amount of four hundred fifty dollars. We think the amount allowed as attorney's fee is reasonable.

Judgment affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.