[No. 92. Decided December 10, 1890.]

THE ILWACO RAILWAY & NAVIGATION COMPANY v. GIDEON T. HEDRICK, *Administrator of the estate of Franklin G. Hedrick, deceased.*

NEGLIGENCE — PERSONAL INJURIES — EVIDENCE — CUSTOM.

In an action against a railway company for the death of a child, caused by the negligence of the company in leaving a turn-table unfastened, where the attending physician had testified that the child, who was frail and weak, died from injuries received at the turn-table, it was not error for the court to exclude a question to such witness as to "whether or not, if the child had been a healthy child, it would have survived the injury."

Evidence of the custom of railways to keep turn-tables unfastened at all times, whether in actual use or not, and whether enclosed or in an open public place, is inadmissible in an action against a railway company to recover for the death of a child of tender years, injured by reason of the company's unlocked turn-table.

In an action against a railway company for negligence in not properly securing a turn-table, whereby a child six years of age received injuries causing death, the fact that, prior to the accident, an agent of the company tied the turn-table with a rope so that it could not be revolved unless the rope were cut or untied, does not relieve the company from liability for its negligence in not adopting securer fastenings, where it is shown that the agent knew children were attracted to the machine, and were in the habit of playing upon it, and that the method of securing it had in the past proved insufficient.

*Appeal from Superior Court, Pacific County.*

The facts are fully stated in the opinion.

*Fulton Bros.*, for appellant.

*Watson, Hume & Watson*, for appellee.

The opinion of the court was delivered by

ANDERS, C. J.—This was an action by appellee, as administrator to recover damages for the death of his son, a child between five and six years of age, alleged to have been caused by the negligence of appellant in not properly securing a turn-table situated upon its own premises, in an open area, near one of the principal streets and close to the business portion of the town of Ilwaco, in this state. It appears that the turn-table had been constructed but a short time previous to the accident to the child, and that up to that time it had not been used by appellant for the purpose for which it was designed. A considerable number of the children of the town had been in the habit of playing upon and revolving it previous to the accident to deceased. It was tied to a stake the day before with a piece of rope by one Hoffman, not in the employ of the railroad company, but was soon after untied by one of the children, and play resumed upon it. The managing agent of appellant, whose office and place of business was in close proximity to the turn-table, testified, in substance, that he also tied it, or caused it to be tied, with a rope two

days before the boy was injured; that the next day he
noticed it was unfastened, and tied it with the same rope
and in the same place; that it remained tied all that day;
that he saw the children again on the table the evening
before the accident; that they had untied it and were re-
volving it and riding on it; that he drove them away
and told the men working on the track to keep them
away from the turn-table, and that he tied it four times
in all with the same piece of rope. But that the table
was ever tied or fastened at all except by Hoffman, is dis-
puted by other testimony in the case. The deceased child
had never been to this turn-table before the time he was
injured, but on that day he was sent by his mother on an
errand to the store, about three hundred yards distant
from his home and close to the turn-table. Returning
from the store he was attracted by the children at play
upon the turn-table, and stopped and sat down to watch
them on the abutment, on or near the rails of the track
connecting with the turn-table, in such a manner that
his feet hung down on the side next to the turn-table.
While in that position the children turned the table so
that his legs were caught between it and the abutment
and so injured that the flesh of both legs, from his knees
down was mangled and torn from the bones, from the ef-
fects of which he died three days afterwards. Upon the trial
in the court below the jury returned a verdict in favor of the
plaintiff for the sum of two thousand dollars. Judgment
was entered upon the verdict, from which defendant ap-
peals, and assigns the rulings of the court below in exclud-
ing certain testimony offered by defendant, and the refusal
of the court to charge the jury as requested by it as error.

To prove the character of the injury and that the death
of deceased was caused thereby, the plaintiff called as a
witness a physician and surgeon, who having stated, among
other things, that he attended the child from the time of
the accident until his death, and that he died from the in-

juries received at the turn-table, further testified, but whether on direct or cross examination is not clear, that the child was a frail, weak child. On cross examination counsel for defendant asked the witness this question: "State whether or not, in your judgment, if the child had been a healthy child, it would have survived the injury?" This question was objected to by counsel for plaintiff, on the ground that it was irrevelant and immaterial, and the objection was sustained by the court, and this ruling, appellant contends, was erroneous and prejudicial. It is claimed that the evidence sought to be elicited by the question was material in aiding the jury in arriving at plaintiff's damage. And in support of the proposition, it is argued that a child so weak or feeble that he could not survive an injury that a healthy child would have survived, has a less expectancy of life than the ordinary child, and could not be expected to accumulate so much for his estate, and that an estate would be less damaged by the death of a weak child than by that of a healthy one. It is true that the measure of plaintiff's damage is the loss occasioned by the death of deceased, and that his health, mental and physical condition, and his expectancy of life, were proper subjects to be submitted to the jury for their consideration in estimating the amount of the damage sustained by the estate. But it does not follow that defendant should have been permitted to show that, in the opinion of the witness, deceased would not have died from the effects of the frightful injury he received, if he had been as strong and healthy as some other boy, or even if he himself had been more vigorous. There was no controversy as to the cause of the child's death, and the question then before the jury was not what amount of injury, of the character suffered by him, he could or would have survived under other circumstances, but what was, in fact, his health and physical condition at the time of the injury; and that the witness had already stated. We see no error of the court in excluding the question.

29—1 WASH.

It is next contended that the court erred in excluding the testimony offered by appellant to show that it is not the custom of railroad companies, or those operating such turn-tables, to have or keep the same locked or fastened at any time, but, on the contrary, that the custom and practice of all such companies is, and always has been, to have and keep them unfastened and unlocked at all times, whether in actual use or not, and whether enclosed or in an open public place. We think this evidence was clearly immaterial and was rightly excluded by the court. The question at issue was whether the defendant secured the turn-table as careful and prudent men would ordinarily do under like circumstances. What would be clearly negligent in one case and under some circumstances might be ordinary care under other and different circumstances; and whether there is negligence in any particular case must generally be determined by the facts and circumstances of that case and not by any general custom or practice. *Koester v. Ottumwa*, 34 Iowa, 41; *Koons v. St. Louis, etc., R. R. Co.*, 65 Mo. 592; see also Deering, Neg. § 9, and cases cited. Besides, the custom proposed to be shown is manifestly unreasonable and negligent, and was not relied upon by appellant as a defense in the cause, for it claimed and still claims immunity from liability on the ground that it secured its turn-table properly.

The next assignment of error is the refusal of the court to give without modification the following instructions asked by defendant:

"1st. If you shall find that the turn-table was tied on the day of the accident and injury complained of, in such manner as to prevent its being revolved without untying or cutting the rope by which it was tied, and that on that day, without the knowledge or consent of the defendant, the rope was cut or untied by a person or persons not in the defendant's employ, and that the accident producing the death of the child, Franklin G. Hedrick, occurred before the fact that the rope had been cut or unfastened be-

came known to the defendant or its officers, then I charge you that the defendant is not liable in this action.

"2d.   If the defendant so fastened the turn-table that it could not be revolved so as to injure a person or a child, and in the absence of the officers of defendant some person wrongfully cut or untied the fastenings so that the turn-table could be revolved, and thereby the deceased received the injury that caused his death, I charge you that the defendant is not liable, and your verdict should be in favor of defendant."

The court modified the first of these instructions by adding thereto "unless there was want of ordinary care in the method or manner in which the company undertook to secure the turn-table, and you believe that this method was the proximate and controlling cause of the injury," and the second, by adding the words "if you do not further find that the accident or injury was the result of want of ordinary care in the manner in which the company undertook to secure the turn-table, and that such want of ordinary care was the proximate and controlling cause of the injury." As so modified the court gave both instructions. Whether this action of the court was erroneous or not must depend upon the measure of duty which appellant owed to the deceased under the circumstances. It had erected this alluring and dangerous machine in an open, public place, and its agent and manager not only knew that young children were instinctively attracted by it, and were in the habit of playing upon and around it, but that the method adopted, if any, to prevent them from so doing was wholly insufficient. It certainly would not have been a matter of very great inconvenience to have securely fastened or locked this unused turn-table before the deceased was injured, as was done immediately afterwards. And we think it was the duty of appellant to so secure it as to prevent injury to those who, by reason of their tender years, were incapable of comprehending its dangerous character, either by locking it, or in some other way preventing access to it;

and a failure to take such precaution was negligence on the part of appellant. *Gulf, Colorado & Santa Fe Ry. Co. v. Styron,* 66 Tex. 421; *Pittsburg, Allegheny & Manchester Pass. Ry. Co. v. Caldwell,* 74 Pa. St. 421; *Nagel v. Missouri Pacific Ry. Co.,* 75 Mo. 653; 42 Am. Rep. 418; *East Saginaw City Ry. Co. v. Bohn,* 27 Mich. 503; *Hydraulic Works Co. v. Orr,* 83 Pa. St. 332; 2 Rorer on Railroads, pp. 1121, 1122. The instruction asked by appellant, in effect, requested the court to charge the jury, as matter of law, that if they found that appellant took the precautions and used the means claimed by it to secure the turn-table, it would not be liable in this action. And we are of the opinion that the court committed no error in refusing to give the instruction as requested. The question, whether or not appellant, under all the facts and circumstances of the case, was guilty of negligence was for the jury, and was fairly submitted by the instructions given by the court. *Railroad Company v. Stout,* 17 Wall. 657; *Hoye, Admr., v. Chicago, etc., Ry. Co.,* 62 Wis. 666; *Hydraulic Works Co. v. Orr,* 83 Pa. St. 332.

There appearing no error in the record, the judgment of the court below must be affirmed.

DUNBAR, SCOTT and STILES, JJ., concur.