[No. 5459. Decided March 7, 1905.]

ARCHIE CURTIS, an Infant, by his Guardian ad Litem, J. E. CURTIS, Appellant, v. TENINO STONE QUARRIES, Respondent.[1]

APPEAL AND ERROR—PLEADING—WAIVING · ERROR BY PLEADING OVER. Error in striking out a portion of the complaint is waived by the filing of an amended complaint.

NEGLIGENCE—DANGEROUS PREMISES—POWER HOUSE IN QUARRY—INJURY TO TRESPASSING CHILD. A power house in a quarry 200 yards from a public road, containing no dangerous machinery or device particularly attractive to children, does not come within

[1]Reported in 79 Pac. 955.

the rule of the turntable cases so as to render the owner liable to a trespassing child, six years of age, who was injured in stepping through a hole in the floor of a platform covering the machinery.

SAME—TRESPASSERS—UNAUTHORIZED INVITATION.  A child six years of age who enters defendant's power house at a quarry, of his own volition, just after being driven away by the engineer in charge, cannot be said to enter upon invitation, but is a trespasser, notwithstanding he may have been enticed there by two boys employed by defendant in manipulating the levers of the hoisting machinery, since they had no authority to invite strangers there, or to impose obligations on the defendant with reference to trespassers.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered June 17, 1904, upon the granting of a nonsuit, after a trial before the court and a jury, in an action for personal injuries sustained by a child in stepping through a hole in a floor covering dangerous machinery, in defendant's power house.   Affirmed.

*Govnor Teats* and *J. R. Buxton,* for appellant, cited: *Pekin v. McMahon,* 154 Ill. 141, 39 N. E. 484, 45 Am. St. 114, 27 L. R. A. 206; *Price v. Atchison Water Co.,* 58 Kan. 551, 50 Pac. 450, 62 Am. St. 625; *Brinkley Car Co. v. Cooper,* 60 Ark. 545, 31 S. W. 154, 46 Am. St. 216; 1 Thompson, Negligence, §§ 1027, 1040; Kinkead, Torts, p. 654; Buzwell, Personal Injuries (2d ed.), §§ 66, 67; Cooley, Torts (2d ed.), pp. 718, 719; Ray, Negligence of Imposed Duties, § 8; *Hydraulic Works v. Orr,* 83 Pa. St. 332; *Ollis v. Houston etc. R. Co.,* 31 Tex. Civ. App. 601, 73 S. W. 30; *Tucker v. Draper,* 62 Neb. 66, 86 N. W. 917, 54 L. R. A. 321; *Harriman v. Pittsburgh etc. R. Co.,* 45 Ohio St. 11, 4 Am. St. 507; *Powers v. Harlow,* 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154; *Union Pac. R. Co. v. McDonald,* 152 U. S. 262, 14 Sup. Ct. 619; *Railway Co. v. Stout,* 17 Wall. 657; *O'Callaghan v. Bode,* 84 Cal. 489, 24 Pac. 269; *Chicago etc. R. Co. v. Fox* (Ind.

App.) 70 N. E. 81; *Kansas City etc. R. Co. v. Matson* (Kan.), 75 Pac. 503; *Cook v. Houston Direct Nav. Co.,* 76 Tex. 353, 13 S. W. 475, 18 Am. St. 52; *Kinchlow v. Midland Elev. Co.,* 57 Kan. 374, 46 Pac. 703; *Houston etc. R. Co. v. Bulger* (Tex. Civ. App.) 80 S. W. 557; *Richmond etc. R. Co. v. Moore's Adm'r,* 94 Va. 493, 27 S. E. 70, 37 L. R. A. 258.

*Charles A. Riddle,* for respondent, contended, among other things, that the doctrine of the turntable cases should not be extended. *Cooper v. Overton,* 102 Tenn. 211, 52 S. W. 183, 73 Am. St. 864, 45 L. R. A. 591; *Heargreaves v. Deacon,* 25 Mich. 1; *Ratte v. Dawson,* 50 Minn. 450, 52 N. W. 965; *Walsh v. Fitchburg R. Co.,* 145 N. Y. 301, 39 N. E. 1068, 45 Am. St. 615, 27 L. R. A. 724; *Ilwaco R. & Nav. Co. v. Hedrick,* 1 Wash. 446, 25 Pac. 335, 22 Am. St. 169; *Koester v. Ottumwa,* 34 Iowa 41; *Koons v. St. Louis etc. R. Co.,* 65 Mo. 592. The child was a trespasser and the defendant was liable only for gross or wanton neglect. *Matson v. Port Townsend etc. R. Co.,* 9 Wash. 449, 37 Pac. 705; *Williams v. Kansas City etc. R. Co.,* 96 Mo. 275, 9 S. W. 573; *Ritz v. Wheeling,* 45 W. Va. 262, 31 S. E. 993, 43 L. R. A. 148; *O'Leary v. Brooks Elev. Co.,* 7 N. D. 554, 75 N. W. 919, 41 L. R. A. 677; *Ratte v. Dawson, supra; Barney v. Hannibal etc. R. Co.,* 126 Mo. 372, 28 S. W. 1069, 26 L. R. A. 847; *Vanderbeck v. Hendry,* 34 N. J. L. 467; *Clark v. Richmond,* 83 Va. 355, 5 S. E. 369, 5 Am. St. 281; *McGuiness v. Butler,* 159 Mass. 233, 34 N. E. 259, 38 Am. St. 412; *Nolan v. New York etc. R. Co.,* 53 Conn. 461, 4 Atl. 106; *Dicken v. Liverpool etc. Co.,* 41 W. Va. 511, 23 S. E. 582; *Morrissey v. Providence etc. R. Co.,* 15 R. I. 271, 3 Atl. 10. Even as a licensee, he took his own risk. *Holbrook v. Aldrich,* 168 Mass. 15, 46 N. E. 115, 60 Am. St. 364, 36 L. R. A. 493; *Pierce v. Whitcomb,* 48 Vt. 127, 21 Am. Rep. 120; *Woolwine's Adm'r v. Chesapeake etc. R. Co.,* 36 W.

Va. 329, 15 S. E. 81, 32 Am. St. 859, 16 L. R. A. 271; *Straub v. Soderer,* 53 Mo. 38; *Benson v. Baltimore Traction Co.,* 77 Md. 535, 39 Am. St. 436, 20 L. R. A. 714; *Galveston Oil Co. v. Morton,* 70 Tex. 400, 7 S. W. 756, 8 Am. St. 611; *Mathews v. Bensel,* 51 N. J. L. 30, 16 Atl. 195; *Fitzpatrick v. Cumberland Glass Mfg. Co.,* 61 N. J. L. 378, 39 Atl. 675. But under the circumstances of his entry, the proof establishes that he was a trespasser. *Anderson v. Northern Pac. R. Co.,* 19 Wash. 340, 53 Pac. 345; *Oregon R. & Nav. Co. v. Egley,* 2 Wash. 409, 26 Pac. 973, 26 Am. St. 860; *Missouri etc. R. Co. v. Edwards,* 90 Tex. 65, 36 S. W. 430, 32 L. R. A. 825; *Twist v Winona etc. R. Co.,* 39 Minn. 164, 39 N. W. 402, 12 Am. St. 626; *Chicago City R. Co. v. Wilcox,* 43 Am. & Eng. R. Cases (Ill.) 299; *Western etc. R. Co. v. Young,* 81 Ga. 397, 7 S. E. 912, 12 Am. St. 320. The defendant is not liable without proof that it was aware of the danger in time to have avoided it. *Rine v. Chicago etc. R. Co.,* 88 Mo. 392; *Nicholson v. Erie R. Co.,* 41 N. Y. 525; *Barney v. Hannibal etc. R. Co., supra; Bishop v. Union R. Co.,* 14 R. I. 314, 51 Am. Rep. 386; *Emerson v. Peteler,* 35 Minn. 481, 29 N. W. 311, 59 Am. Rep. 337; *McEachern v. Boston etc. R. Co.,* 150 Mass. 515, 25 N. E. 231; *Central Branch etc. R. Co. v. Henigh,* 23 Kan. 347, 33 Am. Rep. 167. There was no implied invitation. *Gay v. Essex Elec. St. R. Co.,* 159 Mass. 238, 34 N. E. 186, 38 Am. St. 415, 21 L. R. A. 448; *Zoebisch v. Tarbell,* 10 Allen 385, 87 Am. Dec. 660; *Holbrook v. Aldrich, Woolwine's Adm'r v. Chesapeake etc. R. Co.,* and *Benson v. Baltimore Traction Co., supra.*

RUDKIN, J.—The defendant was, on the 29th day of August, 1903, and for a long time prior thereto, engaged in the business of quarrying stone for the market, near the town of Tenino in this state. In connection with its

quarry, the defendant maintains a power house, in which are located engines, and other machinery, employed in the work of hoisting the stone from the quarry. The power house is situate in front of the engine room, and is so constructed that signals can be transmitted from the quarry to the operators in the power room. The machinery in the power room is beneath a platform, nine feet in width, and extending the entire length of the power room. This platform is constructed about four feet above the ground floor. The machinery is operated by a system of levers, extending through the floor of this platform, and connecting with the machinery underneath. These levers, at the time of the injury complained of, were operated by two boys about eighteen years of age. There was a three and one-half inch auger hole through the flooring of this platform, to enable the operator to see that the clutch below was working properly. This hole was within about five inches of the end of one of the planks, and, some two years prior to the accident, a piece of the plank, about two and one-half inches in width, split out from this hole to the end of the plank, and the floor was in this condition at the time of the injury in question.

On the date above mentioned, the plaintiff, an infant, of the age of about six years, was in the power house on this platform, and, in passing across the platform, his foot slipped through the opening above described, and was caught in the cog wheels, about eighteen inches below the platform, thereby causing injuries which necessitated the amputation of the foot. This action was brought to recover damages for the injury so inflicted.

The fourth paragraph of the original complaint was as follows:

"Plaintiff avers that it was the custom and habit of the employees of the said defendant in charge of said room, on and before the said 29th day of August, 1903, to invite

and induce children to come into the said room, and entice them upon the said premises by permitting them to blow the whistle of the steam engine, and that said defendant knew of the same; that on the 29th day of August, and for a long time prior thereto, children of the town of Tenino were permitted upon the premises and into the said room of the said defendant herein described, and permitted by the said defendant to blow the whistle and to do other things about said premises and room, and which had a tendency to entice children into the said room and upon the said defendant's premises."

On motion of the defendant, this paragraph was stricken, and an amended complaint filed, omitting the paragraph so stricken. At the trial in the court below a nonsuit was directed, at the close of the plaintiff's case, and from the judgment of nonsuit this appeal is taken.

The first error assigned is based on the ruling of the court striking the fourth paragraph of the original complaint. The second assignment is based upon the ruling excluding testimony tending to prove the allegations contained in the fourth paragraph, which had already been stricken. It is an established rule of practice in this court that an error in sustaining a motion or demurrer to a complaint is waived by pleading over. See, *Reed v. Parker*, 33 Wash. 107, 74 Pac. 61; *Prescott v. Puget Sound Bridge Co.*, 31 Wash. 177, 71 Pac. 772, and cases cited. For this reason, the court cannot consider the ruling on the motion to strike, or the rulings excluding testimony tending to prove the allegations stricken. We are not called upon to express an opinion as to the correctness of any of these rulings.

The only remaining assignment relates to the ruling of the court in granting the motion for a nonsuit, and, with the above questions eliminated, there is little or no merit in the appellant's case. The power house in question was the private property of the respondent, situate on its own

grounds, at a distance of about two hundred yards from a public highway. The appellant was a trespasser in the building at the time of the happening of the unfortunate accident complained of, and his rights are dependent upon the law applicable to that class. His counsel earnestly insists that he should have been permitted to go to the jury upon two grounds: First, upon the theory of the law underlying the turntable cases, and cases of a kindred nature; and second, because the appellant was on the premises by invitation, express or implied, at the time of the injury.

We cannot accede to the first proposition advanced by counsel. We are not unmindful of the humane rule of law that forbids a property owner to leave unguarded dangerous machinery and dangerous places, which may be of such a character as to attract young children, or to allure them into danger; but the rule is not of general application, and cannot be extended to cases such as this. There was nothing alluring or attractive about these premises or machinery, nothing to invite children thither, and nothing dangerous about the place and machinery when not in use. In discussing this question in *Clark v. Northern Pac. R. Co.*, 29 Wash. 139, 69 Pac. 636, 59 L. R. A. 508, this court said:

"Appellant also cites what are known as the 'turntable cases.' These cases are based upon the theory that a turntable is a machine of such a nature as to attract children to play with it, and, being inherently dangerous for children to handle, negligence is predicated upon the failure to lock it or securely fasten it so that it cannot be moved by children. The same principle has been applied where other structures or conditions existed, but the doctrine has not been uniformly adopted by American courts, and it has, indeed, been severely criticised. In Beach on Contributory Negligence (3d ed.), § 51a, the author observes that the trend of the most recent decisions is against it, and many cases are cited. This court applied the rule in a turntable case in *Ilwaco Ry. & Nav. Co., v. Hedrick,*

1 Wash. 446, 25 Pac. 335, 22 Am. St. 169; but, in view of the more modern tendency of the courts, we should, however, hesitate to extend the rule as one of general application to other conditions. For especially forcible reasoning upon this subject we refer to *Delaware L. & W. R. Co. v Reich,* 61 N. J. Law, 635, 40 Atl. 682, 68 Am. St. 727, 41 L: R. A. 831. The respondent in the case at bar had not placed upon its premises a dangerous machine or device, that was in its nature and at once particularly attractive to children."

To hold, as a general and universal rule of law, that the owners of mills and factories must so construct and maintain their premises as to be reasonably safe for trespassers, infants or adults, regardless of how they may gain admission, would be destructive of all industry and all property rights. We are satisfied, therefore, that the respondent violated no duty it owed to the appellant as a trespasser upon its premises.

Was the appellant there by invitation, express or implied? He went there of his own volition. The engineer in charge of the engine room and power house drove him and his older brother from the engine room a short time before the accident. They next went to the power room, where the two boys above mentioned were operating the levers to raise the rock from the quarry. It may be conceded that these two boys talked with the appellant and his brother, and asked his brother to remain and blow the whistle at the close of work. These two boys were simply employees in the power house. They were not in charge of the building, and did not represent or act for the owner in any way. They had no authority to invite strangers there, or to impose burdens or obligations upon their employer, in so far as trespassers were concerned. There is no pretense that the appellant was invited there by any person authorized to speak for the respondent, or that any officer of the respondent had any knowledge of his

presence.    It is not. claimed that any wanton or wilful injury was inflicted upon the appellant, and, therefore, none of his rights were violated, and no duty owed him was neglected or omitted.

There is no error in the record, and the judgment is affirmed.

MOUNT, C. J., DUNBAR, HADLEY, and FULLERTON, JJ., concur.

ROOT and CROW, JJ., took no part.