[No. 6103. Decided October 19, 1906.]

ORVILLE McALLISTER, *an Infant, by His Guardian ad Litem,* LAVICA McALLISTER, *Appellant,* v. SEATTLE BREWING & MALTING COMPANY, *Respondent.*[1]

NEW TRIAL—EXTENDING TIME FOR APPLICATION—POWER OF COURT—EFFECT OF STATUTE. The statute requiring a judgment to be entered immediately upon return of the verdict, does not change the rule, under the former statute, whereby the court had power to extend the time for moving for a new trial after the time therefor had expired.

NEGLIGENCE—EXPOSED MACHINERY—INJURY TO TRESPASSING CHILDREN. The owner of premises is liable for injuries to trespassing children, sustained by reason of dangerous machinery left unguarded in exposed places near a highway where children are likely to be attracted thereto and injured.

SAME—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY. The liability of the owner of premises to a trespassing child nine years of age, is for the jury where a pulley or sheave wheel, used to move cars on a spur track with a wire cable and donkey engine, was left exposed and unguarded on defendant's premises (which had been a public street) within twenty-five feet of paths commonly used by the public, and where the child was attracted by the moving cable, and injured by placing his foot on the slowly moving cable, which suddenly started up rapidly, drawing his foot against the pulley.

Appeal from an order of the superior court for King county, Morris, J., entered January 5, 1906, in favor of the defendant, granting a new trial, after a verdict in favor of

[1]Reported in 87 Pac. 68.

a child of tender years, for personal injuries sustained through the use of an exposed pulley wheel near a public street. Reversed.

*John W. Roberts,* for appellant.

*C. A. Reynolds (Wm. H. Brinker,* of counsel), for respondent.

FULLERTON, J.—The appellant, a minor of the age of nine years, lost two of his toes on a pulley or sheave wheel operated by the respondent, a brewing company, and brought this action to recover for the injury suffered. The pulley in question was placed in the center of one of the spur tracks of the Northern Pacific Railway Company, and was used by the respondent in connection with a wire cable and donkey engine to move cars up and down the track for the more convenient operation of its brewing plant. The brewing plant of the respondent is situated at Georgetown, in King county, just east of the main tracks of the railway company, which run parallel with and immediately in front of the plant. There is a street in Georgetown called Nora Avenue which runs at right angles to the railway tracks, crossing them just south of the brewery company's plant. This street had never been condemned across the railway company's right of way, and all that part lying east of the track had been vacated by ordinance of the town council sometime prior to the accident, the vacated portion becoming thereby the private property of the respondent. The street, however, was not closed to travel, and at the time of the accident was used by a considerable number of the people who found it the most convenient means of passing to and from their own property and the business section of the town. The street had never been improved, and travel over it took the most convenient way. Where the street abutted on the railway right of way there was an embankment of considerable height, to avoid which the travel turned, one track going next to the

brewing company's property and the other some distance the other way, neither passing any nearer than perhaps twenty-five feet of the center of the street where it crossed the right of way. The sheave wheel in question was placed in the center of the street on the railway company's right of way, where these tracks diverged, having been placed there by the respondent with the railway company's permission. It had no covering or protection of any kind, and was used at all times of the day that the business of the respondent required its use. While motionless the pulley was harmless, but when in motion it had all the dangers incident to machinery of its class.

Just prior to the accident, the minor appellant, in company with another boy of about his own age, while passing over the railway track on the path next the respondent's property, was attracted to the wheel and went over to examine it. The boys do not agree in their testimony as to the conditions immediately preceding the accident; but the boy who accompanied the appellant seems to have the clearer idea of what happened. He testifies that the cable was being drawn slowly through the pulley when they reached it, and that the appellant put his foot on, when it started up rapidly, drawing his foot between the cable and the pulley, with the result above stated.

The trial judge first submitted the case to the jury, which returned a verdict for the appellant. Afterwards he granted a motion for a new trial on the ground that the evidence, as a matter of law, did not justify a verdict. This appeal is from the order granting the new trial.

The motion for a new trial was not filed before it was served on the appellant, and a motion was made in the court below to strike it for that reason. The respondent, in answer to the motion, asked, and over the objection of the appellant obtained, from the court an order extending the time within which to move for a new trial, and the motion for a

new trial on which the court acted was served pursuant to that order. The appellant urges here that the trial court was without power to make an order extending the time in which a motion for a new trial could be filed, and he insists that the order appealed from is erroneous for that reason. It is conceded that this court has, in a number of cases, approved the practice followed by the trial court, but it is contended that the recent statute which requires a judgment on a verdict to be entered immediately on the return of the verdict has changed the rule. But, without following the argument, we think that the statute cited did not have that effect. It does not purport to change the existing practice, and the reasoning by which the practice was justified under the earlier statute is equally applicable to the existing one. For cases where the reasons are stated, see: *Bailey v. Drake*, 12 Wash. 99, 40 Pac. 631; *Leavenworth v. Billings*, 26 Wash. 1, 66 Pac. 107; *Kreielsheimer v. Nelson*, 31 Wash. 406, 72 Pac. 72.

Passing to the principal question, we think the court was in error in holding that the evidence introduced at the trial did not justify a verdict. There are jurisdictions in which it is maintained, as a hard and fast rule, that, if a child goes upon the premises of another without express permission and is there injured by coming in contact with dangerous machinery, it cannot recover damages from the owner, on the principle that such owner owes the child no active duty to see that it does not come to harm, but only the duty not to wantonly or willfully injure it. But this court has not adopted this rule in its entirety. Where the dangerous machinery is connected with an ordinary manufacturing plant, and so surrounded with the ordinary safeguards as to legitimately lead to the conclusion that children of immature years unattended will not approach it, the owner or operator owes no such duty of active vigilance to possible trespassing children as requires him to keep a guard over the premises; and hence he is not responsible if a child does approach and

meet with injury from such machinery. Such is the principle
of the case of *Curtis v. Tenino Stone Quarries*, 37 Wash.
355, 79 Pac. 955. There the machinery on which the child
was injured was within an enclosure which was constructed
at a considerable distance from any highway or any place
where children were accustomed to play, and had no especial
attractiveness, being machinery in common use and no more
exposed than the manner of its use required; and we held,
which must unquestionably be the rule, that the owner of
such property owed no such duty to trespassing children as
required him to so fence and guard his machinery as to
render it impossible for them to receive an injury therefrom.

On the other hand, we have held that, where dangerous ma-
chinery and dangerous substances, of a character likely to
excite the curiosity of children and allure them into danger,
have been left unguarded in exposed places close to the high-
ways, or play grounds of children, even though on the prem-
ises of the owner, and children have been attracted to them
and met with injury, the owner or person leaving the danger-
ous machinery or substance is liable for such injury. Cases
of this class are *Ilwaco etc. Nav. Co. v. Hedrick*, 1 Wash.
446, 25 Pac. 335, 22 Am. St. 169, and *Nelson v. McLellan*,
31 Wash. 208, 71 Pac. 747, 96 Am. St. 902. The first is a
turntable case, and the second a case where dynamite had
been left partially exposed on a vacant lot used by children
as a play ground. The children injured in each case had no
special license to be at the place where the injury occurred,
nor did the owner of the articles or substance causing the
injury owe to the children any special duty of protection or
care. But the cases are rested on the principle that it is
negligence in itself to leave, exposed and unguarded near the
haunts of children, dangerous machinery or compounds which
must necessarily result in injury to them if they come in con-
tact with it. It matters not that the dangerous article may
be on the premises of its owner, or that the injured person

must become technically a trespasser to approach it. It is enough that the thing is dangerous in itself, and is attractive and alluring to children, and has been left exposed and unguarded in a place where it must reasonably have been anticipated that children would be attracted to it, and tempted to play with and handle it. Between the two extremes represented by these divergent rules, there are, of course, a large class of cases which, from the facts or the deduction properly to be drawn from the facts, cannot certainly be said to fall within the one or the other. The question then, like all other disputed questions of fact, becomes one for the jury, to be determined for or against the plaintiff as the jury may believe the evidence warrants, after the court has instructed them in the law relating to the duties of the owners and operators of such property.

Applying these principles to the case before us, we think the court erred in adjudging that the facts shown by the evidence did not warrant a recovery. Whether the sheave wheel when in operation belonged to the class of dangerous machinery, whether it was of such an attractive or alluring character as to attract children, and whether it was placed and operated, without guards or protected, so close to a public highway that it must have been foreseen that it would attract and injure a child of such tender years as the plaintiff, were questions for the jury to determine from all of the evidence, and the court was right in submitting it to them in the first instance, but in error in afterwards holding that the question presented was of such a nature that it must be determined in favor of the defendant as a matter of law.

We conclude therefore that the order appealed from must be reversed, and the cause remanded with instructions to enter a judgment upon the verdict returned by the jury. It is so ordered.

Mount, C. J., Rudkin, Root, Dunbar, and Crow, JJ., concur.