[No. 6935. Decided December 16, 1907.]

CHARLES AKIN, *a Minor, by His Guardian etc., Appellant,*
v. BRADLEY ENGINEERING & MACHINERY
COMPANY, *Respondent.*[1]

NEGLIGENCE — PROXIMATE CAUSE — DANGERS ATTRACTIVE TO CHIL-
DREN—EXPLOSIVES.  A corporation engaged in selling explosives,
which throws a large number of dynamite caps along a path fre-
quented by school children, who were liable to pick them up and ex-
plode them in some manner, is not relieved from liability by reason
of the fact that a boy, eleven years of age, undertook to explode the
caps by contact with dry batteries found by him in an alley; such
fact not being an intervening cause constituting a defense, or the
proximate cause of the injury; the method employed for causing an
explosion being a matter of detail.

SAME—CONCURRENT NEGLIGENCE.  In such a case, the negligence
of a third party in leaving the dry batteries where they could be
found by children would be a concurrent rather than an intervening
cause.

SAME—CONTRIBUTORY NEGLIGENCE.  It is a question for the jury
whether a boy eleven years old was guilty of contributory negligence
in attempting to explode dynamite caps by contact with dry bat-
teries.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered May 3, 1907, dismissing an
action for personal injuries, upon counsel's opening statement
to the jury.  Reversed.

*Merritt, Oswald & Merritt,* for appellant.

*M. A. Folsom* and *B. B. Adams,* for respondent.

ROOT, J.—Plaintiff brought this action to recover damages
for personal injuries sustained by the explosion of a dynamite
cap.  When the case was called for trial, plaintiff's attorney
made an opening statement to the court and jury of the facts
of the case as plaintiff intended to establish them.  At the

[1]Reported in 92 Pac. 903.

7—48 WASH.

conclusion of his opening statement, and before any evidence was taken, the defendant moved for a judgment of dismissal upon such statement, which motion was granted and the case dismissed. From the judgment, this appeal is prosecuted.

The opening statement of the attorney showed these facts: That respondent was a corporation engaged in selling mining machinery, appliances, and supplies, among which were dynamite caps; that the last named are highly explosive and are used to explode dynamite in mining operations; that respondent had thrown a large number of these caps out back of its place of business, upon some vacant ground, through which a pathway ran that was used by large numbers of children going to and from a public school situated near by; that these caps were very attractive to children, and that these school children were in the habit of picking them up and afterwards throwing them against rocks, or in other ways exploding them; that on the way from school one day, this plaintiff picked up several of these cartridges and on his way threw several of them at rocks, endeavoring to explode them; that he and another boy discovered some dry batteries in an alley near an automobile garage, and proceeded to make an experiment of touching off the cap with the battery, whereby said cap did explode and tore off a thumb and finger from plaintiff's hand; that the respondent knew of the presence of these explosives and of the fact that school children were passing and repassing near where they were, almost daily, and that the same were naturally attractive to children, and that the latter were liable to be injured thereby; that plaintiff was only eleven years of age and did not know for a certainty that a battery would explode the cap, and did not know the force of the explosive or the extent of the injury that might result from such explosion.

The only question here presented is as to whether or not this opening statement of the counsel sets forth facts sufficient to defeat plaintiff's cause of action. It appears to have been the view of the trial court that the explosion of this cartridge

or cap, in the manner indicated, was not a circumstance which the respondent could reasonably have anticipated; that it was not the natural and proximate result of the conduct of respondent in leaving these explosives exposed in a place where children could and did help themselves to them; that the explosion was a result of bringing the cartridge in contact with a dry battery, and that this constituted an intervening cause which relieved respondent of liability. We are unable to entertain this view.

It is fundamental, of course, that one cannot recover for injuries against another whose act or omission was not, or did not contribute to, the proximate cause of such injury. But it is equally true that, where a negligent act or omission sets in operation a train of occurrences resulting naturally in the injury complained of, such negligent act or omission is deemed to have been the proximate cause, or to have contributed thereto.

It seems to be conceded that respondent would have been liable had the boy been injured by exploding the cartridge against a rock or with a hammer. It would seem that any natural, available method which the boy himself, through his inexperience and lack of knowledge, would adopt for the purpose of creating an explosion, would bring the case into the same category as one where the explosion was made by a rock or a hammer. For instance, if the boy had struck a match and exploded the cap with the heat thereof, or had deposited the cartridge upon a hot stove, it would seem, in principle, to be the same as if he had exploded it with a hammer or with a battery. An intervening cause, to be a defense in an action of this kind, must ordinarily come from an outside source, as an act of God or of some human or other agency, independent of the ignorant and inexperienced conduct or omission of the boy in question. The ignorance and inexperience of this boy, if found as stated by his counsel, relieves him from the charge of contributory negligence. If he knew or suspected that this

cartridge would explode when brought in contact with the battery, and was old enough and intelligent or experienced sufficiently to understand that such an explosion would probably do him serious injury, then he would not be entitled to recover. These matters were matters to be shown by the evidence and to be thereafter passed upon by the jury or court.

For the purposes of the case, as it now stands, the opening statement of the counsel must be accepted as the facts of the case. We think that, when the respondent left these dangerous explosives by the wayside where it knew that children, naturally attracted by such things, were constantly passing and repassing and playing therewith, it must be held to have known that such children were liable to cause some of said caps to explode in a manner likely to cause them serious injury, and that the explosion of such a cap by a dry battery in the manner shown herein did not constitute an intervening cause that should relieve respondent from liability. If, as urged by respondent, the owner of these dry batteries was guilty of negligence in leaving them where the children could get possession of one, it seems to us that this negligence would constitute a concurrent or contributing, rather than an intervening, cause. That the immediate agency by which the explosion was occasioned was a dry battery instead of a rock, a hammer, a match, or a coal of fire, is in our opinion a matter of detail that does not change the principle involved or justify a defense under the rule by respondent invoked.

The judgment of the honorable superior court is reversed, and the cause remanded for further proceedings not inconsistent herewith.

HADLEY, C. J., FULLERTON, MOUNT, and CROW, JJ., concur.

DUNBAR and RUDKIN, JJ., took no part.