[No. 10221. Department Two. July 29, 1912.]

ROBERT M. HAYNES, *by his Guardian etc., Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

NEGLIGENCE—THINGS ATTRACTIVE TO CHILDREN—MUNICIPAL CORPORATIONS—STREETS—LIABILITY. The fact that a street was safe for ordinary use does not release a city from liability for a condition dangerous to children of tender years attracted to the place through work negligently carried on by the city.

SAME. It is negligence for a city in stringing wires on poles in front of the play grounds of a public school to unwind a coil of wire without guard or watch of any kind where children of tender years would be attracted to the danger.

APPEAL — REVIEW —HARMLESS ERROR—ADMISSION OF EVIDENCE. Error in the admission of evidence in a case tried by a court without a jury is harmless, where no finding is or need be predicated thereon.

DAMAGES—EXCESSIVENESS—PERSONAL INJURIES. A judgment for $800 for injuries sustained by a school boy is not excessive, where he was severely bruised and suffered considerably temporarily and was unable to pass his grade at the end of the school year.

Appeal from a judgment of the superior court for King county, Main, J., entered November 18, 1911, upon findings

[1]Reported in 125 Pac. 147.

in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action for personal injuries.
Affirmed.

*James E. Bradford* and *William B. Allison*, for appellant.
*E. H. Guie*, for respondent.

Fullerton, J.—The respondent, a minor of the age of
nine years, brought this action by his guardian against the
city of Seattle to recover for personal injuries. At the time
he received his injury, the respondent was attending one of
the primary public schools of the city of Seattle. The land
upon which the school building was constructed abutted upon
a street known as Eleventh avenue north, the land opening
directly upon the street, no fence or barriers of any kind
being erected to separate the one from the other. On the
day of the accident, a force of men working for the city
were engaged in stretching electric light wires on poles set
on the margin of the street. One such pole was set in the
street near the corner of the land on which the schoolhouse
stood. In the performance of their work, the workmen placed
at the foot of this pole a coil of wire, passing one end of the
wire over a cross-arm fastened to the top of the pole some
35 feet from the ground. The wire was then loosely strung
for some distance over other poles set along the street, where
it was fastened to a cable. A team of horses was hitched to
the end of the cable and the wire strung by the horses pull-
ing the same along as desired. As the wire was pulled, it
would unwind from the coil and pass over the cross-arm.
This work was going on at the time of the afternoon recess of
the school, when the respondent with boys of his age were let
out of the school building. The boys were attracted to the
moving wire and gathered around the same. What happened
thereafter is well described by the respondent himself in the
following language:

"I was playing around there and a lot of the other boys
were playing around there, too, and they grabbed hold of

the wire, and were hoisting themselves up a little ways, then they would jump down from it. They did that for awhile, then I did that. Then I heard the bell ring and I jumped down and started to run for the line, get in line, and I stepped in the middle of the coil. The wire wrapped around my leg, it brought me 'way up, about half way up. Then it stopped awhile and then I went over the pole. I tried to hang on to the top, but I couldn't do it, it was too strong."

In the manner thus described, the respondent received the injuries for which he sues.

At the time of the accident, the employees of the city engaged in stringing the wires were all at some distance from the place of its occurrence, none of them in fact being close enough to be a witness thereto. The case was tried by the court sitting without a jury, and resulted in findings to the effect that the injury was the result of negligence on the part of the city. Damages were assessed in favor of the respondent in the sum of $800. The city appeals.

The appellant challenges the sufficiency of the evidence to sustain the judgment. It contends that it is without liability for the accident, for the reason that the injured respondent was using the street at the time of the injury as a place in which to play, and that the city's obligation to keep its streets free from obstructions extends only to travelers thereon, or persons using them for some other lawful purpose, not to persons whose sole object is amusement or play.

Some of the cases cited by the appellant maintain this doctrine when applied to injuries received from mere defects or obstructions in the street, although we think it may be questioned whether they state the general rule even when thus limited. But the facts of the case at bar bring it within another principle. A child of tender years who meets with an injury upon the streets or upon the premises of a private owner, though a technical trespasser, may recover for such injury if the thing causing it has been left exposed and unguarded near the playgrounds or haunts of children and is

of such a character as to be alluring or attractive to them, or such as to appeal to childish curiosity and instincts; this on the principle that children of tender years, "being without judgment and likely to be drawn by childish curiosity into places of danger, are not to be classed with trespassers, idlers and mere licensees." *Ilwaco R. & Nav. Co. v. Hedrick,* 1 Wash. 446, 25 Pac. 335, 22 Am. St. 169; *Nelson v. McLellan,* 31 Wash. 208, 71 Pac. 747, 96 Am. St. 902, 60 L. R. A. 793; *McAllister v. Seattle Brewing & Malting Co.,* 44 Wash. 179, 87 Pac. 68; *Akin v. Bradley Engineering & Machinery Co.,* 48 Wash. 97, 92 Pac. 903, 14 L. R. A. (N. S.) 586; *Olson v. Gill Home Investment Co.,* 58 Wash. 151, 108 Pac. 140, 27 L. R. A. (N. S.) 884.

There can be no question as to the alluring character to the childish mind of the work here being carried on by the city's employees. The unwinding of the coil of wire in the manner in which this one was unwound was particularly so, and to do the work in front of the playground of a public school swarming with children of tender years, without watch or guard of any kind, was negligence of the grossest sort, and renders the city liable for any injury occurring by reason thereof.

It is next objected that the court erred in admitting in evidence the declarations of the foreman in charge of the work on behalf of the city, concerning the city's relation to the work then being carried on. But whether this evidence was competent or not is of little moment as the case stands here. There was abundant evidence in the record to show that the city itself was performing the work, and that it was liable for the injury to the respondent if liability therefor existed against any one; there was in fact no contest over the question in the court below. Of course, the appellant does not contend that a case tried before the court without a jury, which is triable *de novo* in this court on the record, is reversible for errors in the admission of evidence, where

no finding is or needs be predicated upon the erroneously ad-
mitted evidence.

Finally, it is contended that the assessment of damages is
excessive. But while the boy suffered no permanent injury,
he was severely bruised and suffered considerably temporarily.
Moreover, it is made clear by the testimony of his teacher
that he did not do well for a time thereafter in his studies,
and did not pass his grade at the end of the school year.
We do not, therefore, find the judgment excessive, and it
will stand affirmed.

ELLIS and MOUNT, JJ., concur.