[No. 12434.  Department Two.  July 20, 1915.]

Herbert D. Jorgenson, *by his Guardian Ad Litem etc.,* Appellant, v. Charles C. Crane, *Respondent.*[1]

Negligence — Appliances Dangerous to Children — Evidence — Sufficiency. An ordinary two wheeled scraper, with a tongue similar to a wagon tongue, somewhat cumbersome and difficult to control, is an appliance dangerous to children, and it is negligence for a contractor to leave the same upon school grounds of a minor grade school while school was regularly held, unfastened and unguarded so that it could be hauled around by children of tender years.

Appeal from a judgment of the superior court for King county, French, J., entered June 24, 1914, upon findings in favor of the defendant, dismissing an action for personal injuries sustained by a minor while playing with a scraper, after a trial to the court without a jury. Reversed.

*Green & Chester,* for appellant.

*Palmer & Askren,* for respondent.

Fullerton, J.—In October, 1912, the respondent, Crane, acting under a contract entered into with the proper authorities of School District No. 1, in King county, graded the school grounds surrounding the buildings known as the Ravenna school. In the performance of the work, he used, in

[1]Reported in 150 Pac. 419.

moving earth from one part of the grounds to another, implements commonly known as wheeled scrapers. Roughly described, these were ordinary scrapers swung under two-wheeled trucks, the trucks having a tongue similar to an ordinary wagon tongue.

The Ravenna school was a school for the minor grades, and school was regularly held therein during the progress of the work of grading. About the middle of October, the contractor temporarily suspended work, leaving one of his wheeled scrapers on the school grounds without locking or fastening it in any manner, and in such a condition that it could be hauled about over the school grounds and played with by the pupils in attendance on the school. On one part of the school grounds was a somewhat sharp incline, and in playing with the scraper the children would haul it to the top of this incline, when as many as could would get into the scraper pan, others would take charge of the tongue, and still others push the scraper down the incline. In one of such trips, the plaintiff, who was then six and a half years old, attempted to "hop" into the pan between the wheels after the scraper was put in motion. But just as he had started, the children holding up the tongue dropped it to the ground, which caused the scraper to swerve from its course, strike and throw the plaintiff down in front of one of the scraper wheels, which passed over his thigh, causing him severe and painful injuries.

This action was brought by the plaintiff, through his father as his guardian *ad litem*, to recover in damages for the injuries suffered. The cause was tried by the court sitting without a jury. At the conclusion of the plaintiff's testimony, the defendant moved for a dismissal on the ground that no cause of action had been proven. This motion the trial court granted, entering a judgment of dismissal, from which this appeal is prosecuted.

We are of the opinion that the trial judge reached an erroneous conclusion as to the legal effect of the facts proven.

If the wheeled scraper was an appliance with which it was dangerous for children of such tender years as were in attendance on this school to play in the manner in which they did play with it, and the respondent knew, or as a reasonable person ought to have known, that they would so play with it when he left it upon the school grounds, then it was negligence on his part to leave the scraper on the school grounds in an unfastened and unguarded condition, and he is responsible in damages for any injury to any such child caused thereby. *Ilwaco R. & Nav. Co. v. Hedrick*, 1 Wash. 446, 25 Pac. 335, 22 Am. St. 163; *McAllister v. Seattle Brewing & Malting Co.*, 44 Wash. 179, 87 Pac. 68; *Haynes v. Seattle*, 69 Wash. 419, 125 Pac. 147; *Bjork v. Tacoma*, 76 Wash. 225, 135 Pac. 1005, 48 L. R. A. (N. S.) 331; *Kelley v. Parker-Washington Co.*, 107 Mo. App. 490, 81 S. W. 631.

It seems to us that the evidence requires an affirmative finding on both of these propositions. That the children would haul it about and play with it in the manner in which they did play with it there can be no room for two opinions. Any one at all acquainted with the disposition of children could foresee this, and the respondent, as a reasonably prudent person, must be held in law to have foreseen it.

The other branch of the proposition, while presenting more room for difference, seems to us also to be reasonably conclusive. It must be remembered that this was a school for the minor grades, attended by many pupils who were of but tender years, and who were without that observation and experience which in more mature years teaches care and caution. The implement was heavy and cumbersome, requiring considerable power to put it in motion, and was not easily controlled when put in motion. Contact with it when in motion was most certain to produce an injury, and we think it not too much to say that a reasonably prudent person ought to have known that, if it was left for children to play with in the manner in which these children played with it, an accident to one or more of them was reasonably certain to happen.

Indeed, to our minds, the strange part is not that the plaintiff was injured, but is that no others of the children playing with the implement were injured. These conclusions require the reversal of the judgment entered and the remanding of the cause for a new trial. It will be so ordered.

ELLIS, CROW, and MAIN, JJ., concur.