[No. 15688. Department Two. April 6, 1920.]

John Heva, *by his Guardian etc., Appellant,* v. Seattle School District No. 1, *Respondent.*[1]

Negligence (10)—Dangerous Premises—Things Attractive to Children—Ladders. A fire escape ladder on a school building, nine feet from the ground, which a boy twelve years old reached by standing on a fence, installed pursuant to an ordinance and by direction of the fire department, is not such a negligent maintenance of a nuisance attractive to children as to render the school district liable for injuries sustained in a fall.

Appeal from a judgment of the superior court for King county, Hall, J., entered October 4, 1919, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor in a fall from a building. Affirmed.

*Baxter & Jones,* for appellant.

*Henry W. Pennock,* for respondent.

Tolman, J.—The appellant, as plaintiff, through a guardian *ad litem,* brought this action to recover damages for personal injuries. The cause was tried to a jury, which found a verdict in appellant's favor, and the trial court, on motion of respondent, entered judgment in its favor *non obstante veredicto.* The appeal is from the judgment so entered.

[1] Reported in 188 Pac. 776.

The respondent constructed, in 1914, what is known as the "New Ballard High School." After the building was completed, the building department of the city of Seattle notified the school district officials that an additional fire ladder must be provided, extending from a point nine feet above the ground to the roof, as required by city ordinance, and the matter was referred to the fire chief, who had authority under the ordinance to act in such cases. The fire chief, after examination, directed where and how such ladder should be attached to the building, and the district caused the ladder to be constructed and attached to the building as the ordinance required, and in the place designated by the fire chief. The iron railing hereinafter referred to was already constructed and in position at the time the place for so attaching the ladder was designated.

On Sunday, May 12, 1918, appellant, then two months past his twelfth birthday, with a companion of about the same age, went to the high school grounds, climbed onto an iron fence or railing which was immediately below the lower termius of the fire ladder, and from which they could reach the lower rungs of the ladder, and from there they climbed onto the ladder, and up it to the roof of the central portion of the building, which was some fifteen feet lower than the wings. Passing over the roof, they found another ladder, by means of which they ascended to the roof of the higher portion, and there, finding a sheltered and sunny spot, they remained, looking at the Sunday paper and smoking cigarettes, for some little time. The other boy, thinking he saw someone approaching, gave the alarm and started to run, the appellant following him. The first boy climbed over the projecting wall of the cornice, and from there jumped or dropped to the roof of the main building below. Appellant ran rapidly along the cornice to the northwest corner of the build-

ing, seeking a way to descend, and then turned and ran or walked rapidly back, when, as he testifies, his foot caught on something which projected, and he fell to the fire escape landing below, causing the injuries complained of. Such other facts as are material will appear as we proceed.

Courts differ as to what constitutes a nuisance attractive to children, but this court has been somewhat liberal in applying the doctrine, and now has no intention or desire to depart from the rule heretofore followed. *Ilwaco R. & Nav. Co. v. Hedrick,* 1 Wash. 446, 25 Pac. 335, 22 Am. St. 169; *McAllister v. Seattle Brewing & Malting Co.,* 44 Wash. 179, 87 Pac. 68; *Haynes v. Seattle,* 69 Wash. 419, 125 Pac. 147; *Bjork v. Tacoma,* 76 Wash. 225, 135 Pac. 1005, 48 L. R. A. (N. S.) 331; *Jorgenson v. Crane,* 86 Wash. 273, 150 Pac. 419, L. R. A. 1915F 983. But while the court permitted recovery in the cases cited, and also in cases involving the possession and control of dangerous explosives, *Nelson v. McLellan,* 31 Wash. 208, 71 Pac. 747, 96 Am. St. 902, 60 L. R. A. 793; *Akin v. Bradley Engineering & Machinery Co.,* 48 Wash. 97, 92 Pac. 903, 14 L. R. A. (N. S.) 586; *Olson v. Gill Home Investment Co.,* 58 Wash. 151, 108 Pac. 140, 27 L. R. A. (N. S.) 884; it has not hesitated to distinguish and limit the doctrine. *Clark v. Northern Pac. R. Co.,* 29 Wash. 139, 69 Pac. 636, 59 L. R. A. 508; *Curtis v. Tenino Stone Quarries,* 37 Wash. 355, 79 Pac. 955; *Harris v. Cowles,* 38 Wash. 331, 80 Pac. 537, 107 Am. St. 847; *Gordon v. Snoqualmie Lumber & Shingle Co.,* 59 Wash. 272, 109 Pac. 1044, 29 L. R. A. (N. S.) 88; *Barnhart v. Chicago, Milwaukee & St. P. R. Co.,* 89 Wash. 304, 154 Pac. 441, L. R. A. 1916D 443.

In the latter case is was said:

"The question here presented is not whether the owner of the property may be liable, (a) by reason of

a trap or pitfall upon its property which may produce the death or injury; (b) hidden or concealed danger; or (c) a dangerous agency in close proximity or so near the highway that in the use of the highway an accident may occur; but is whether a pond of water is a dangerous agency such as will subject the owner of the property to liability for damages for the death of a child of tender years attracted to the pond for the purpose of play. The turntable doctrine makes the owner liable because the dangerous agency was attractive to children of tender years, and in playing about or with such agency, accident or injury would probably result.

"That a pond of water is attractive to boys for the purposes of play, swimming and fishing, no one will deny. But its being an attractive agency is not sufficient to subject the owner to liability. It must be an agency such as is likely to, or will probably result in, injury to those attracted to it. That many boys every year lose their lives by drowning is a matter of common knowledge. But the number of deaths in comparison to the total number of boys that visit ponds, lakes, or streams for purposes of play, swimming, and fishing, is comparatively small. It would be extending the doctrine too far to hold that a pond of water is an attractive nuisance, and therefore comes within the turntable cases."

In all cities there are ordinances requiring fire ladders on buildings of any considerable height. It is quite impractical to construct and maintain them so that they will serve their intended purpose and yet be inaccessible to venturesome children who love to climb. Here the boys found access to the ladder by means of the railing or fence, and the evidence shows that they might also have reached it from the water table which projects from the building all the way around at about the same height as was the railing, or, as others did, by climbing on one another's shoulders. When boys are intent on climbing, they can usually

find a box or barrel or some object near at hand from which to mount. Appellant was a bright, active boy of twelve years, used to climbing, and admits that he knew the danger of injury from falling. The ladder is a simple appliance, not inherently dangerous, and, as a rule, any child old enough to climb one has intelligence enough to realize that, if he falls, injury and pain will follow. Ladders are nearly as common as fences and trees, and to hold that a jury might find an ordinary ladder to be an attractive nuisance, under the doctrine of the turntable cases, would be to require every property owner having a fence or tree accessible to children at play to maintain a constant guard about them. Common objects, the uses and dangers of which are obvious and well known, at least to the normal child of twelve years, and which cannot be made inaccessible without destroying the purpose for which they exist, may not, under the law as established in this state, be found to be attractive nuisances simply because injury from their use has occurred to a licensee or trespasser of sufficient age and understanding to appreciate the danger.

The judgment of the trial court is affirmed.

HOLCOMB, C. J., FULLERTON, BRIDGES, and MOUNT, JJ., concur.