[No. 17758.  Department One.  April 19, 1923.]

JOHN J. SMITH *et al., Appellants,* v. McGOLDRICK
LUMBER COMPANY, *Respondent.*[1]

NEGLIGENCE (10)—DANGEROUS PREMISES—THINGS ATTRACTIVE TO
CHILDREN—PONDS.  The maintenance of a mill pond formed by a
natural estuary of a river, covered with a carpet of logs, cannot
be made the basis of a suit as the negligent maintenance of a
dangerous nuisance attractive to children, where it was a necessary
and component adjunct to a mill, and was fenced on all sides where
fencing was possible, and posted with signs warning everyone to
keep off the logs.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered March 18, 1922, in
favor of the defendant, notwithstanding the verdict of
a jury rendered in favor of the plaintiffs, in an action
for wrongful death.  Affirmed.

*John H. Roche* and *Moye Wicks,* for appellants.
*Randall & Danskin,* for respondent.

HOLCOMB, J.—In an action for damages in the sum
of $20,150, for the drowning of their eleven-year-old
son, a verdict for $1,000 having been awarded by the
jury, was set aside by the trial court on motion of the
respondent for judgment n. o. v.

The basis of the cause of action of appellants was
that respondents maintained a dangerous, attractive
and alluring nuisance, consisting of a mill pond within
the city of Spokane, which was covered by a carpet of
logs, to and upon which children of immature years
were attracted to play, and which constituted a great
danger; that the pond and the logs were not fenced,
protected or guarded, nor children prevented in any
way from playing thereon; that the deceased boy was

[1] Reported in 214 Pac. 819.

enticed and attracted to the pond and logs, against the will and consent of appellants.

The mill pond in question, as alleged by appellants, is ''an estuary or bay formed by the waters of the Spokane river.'' Respondent has its mill on the Spokane river, and has leased a portion of the pond in question from the Pioneer Educational Society for about sixteen years. A part of the pond is excepted from the lease, and is used by the Pioneer Educational Society for a dumping ground. On the side of the pond farthest from the river, the Oregon-Washington Railroad & Navigation Company and the Spokane International Railway Company have their right of way, the embankment of which merges into the bank of the pond. In high water the water rises to within two or three feet of the Oregon-Washington track. The pond is twelve hundred feet long and about four hundred feet wide. It is naturally, and not artificially, formed. It cannot be fenced along the right of way of the railway company, and therefore could not be fenced clear around so that boys could be kept off in that manner. The railroad right of way on the farther side from the pond is fenced. The sawmill and lumber yards near the pond are fenced. There are signs at various places near the log pond reading, ''Danger. Keep off these logs. This means you.'' It is necessary to float and store logs upon the pond. It is a necessary and component adjunct to the sawmill.

Appellants assert that they have found no case paralleling the present one in atrocity of negligence, and cite *Haynes v. Seattle*, 69 Wash. 419, 125 Pac. 147; *Bjork v. Tacoma*, 76 Wash. 225, 135 Pac. 1005, 48 L. R. A. (N. S.) 331; *Jorgenson v. Crane*, 86 Wash. 273, 150 Pac. 419, L. R. A. 1915F 983; *Akin v. Bradley Engineering & Machinery Co.*, 48 Wash. 97, 92 Pac.

903, 14 L. R. A. (N. S.) 586; *Heva v. Seattle School District No. 1,* 110 Wash. 668, 188 Pac. 776, 9 A. L. R. 267, and *City of Pekin v. McMahon,* 27 L. R. A. (Ill.) 206, all to the general effect that children of tender years, being without judgment and likely to be drawn by childish curiosity to places of danger, are not to be classed with trespassers, and that negligence by defendant, creating an attractive nuisance, creates liability although the negligence was not willful or wanton, and that contributory negligence cannot be ascribed, as a matter of law, to children of immature years.

We can see no peculiarly atrocious negligence in this case. Respondent was using its property as it had a right to use it. It had enclosed all that part of the premises occupied by it which were practicable to be enclosed, and had put up signs warning everyone to keep off the logs. Respondent relied chiefly upon *Barnhart v. Chicago, Milwaukee & St. Paul R. Co.,* 89 Wash. 304, 154 Pac. 441, L. R. A. 1916D 443, which appellants claim is not in point, because there there was no carpet of logs maintained upon the surface of the water.

But in that case the pond was artificially created; it was not a necessary adjunct to the railroad; a raft had been built by some one and was used upon the pond, and was being used by the two sons of the plaintiff in that case, who were, one six, and the other eight years old, in play. It was claimed there that the railroad company was negligent in failing to drain the pond after it artificially created it. This court denied liability for negligence and dismissed the action in that case. That case was no stronger than this. A number of cases are cited in that case as direct authority upon which it was rested, and there is no need to

lengthen this opinion by repeating them. See, also, *Thompson v. Illinois Central R. Co.*, 105 Miss. 636, 63 South. 185, 47 L. R. A. (N. S.) 1101, and editorial notes thereto.

This case falls within the rule of the *Barnhart* case, *supra*, and must be affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.