[No. 12592.   Department One.   July 21, 1915.]

A. ANDERSON, *Plaintiff*, v. HENRY GARRISON *et al.*,
*Defendants*, E. K. WORTHINGTON *et al.*,
*Garnishee Defendants.*[1]

GARNISHMENT—DEFENSES—PAYMENT TO DEBTOR'S CREDITOR. Where the garnishee was indebted to the judgment debtor at the time of the service of the writ, it is no defense to the writ that the garnishee subsequently paid the money to a *bona fide* creditor of the judgment debtor.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 26, 1914, upon findings in favor of the plaintiff, in garnishment proceedings, tried to the court. Affirmed.

[1]Reported in 150 Pac. 419.

*Smith, Foster & Worthington,* for appellant Erickson Construction Company.

*Carl. J. Smith,* for respondent.

PER CURIAM.—Appeal from a judgment entered against Erickson Construction Company, garnishee defendant. The only question involved is the sufficiency of the evidence to sustain the judgment.

It is clear from the record that, at the time of the service of the writ, the garnishee was indebted to the judgment debtor in an amount exceeding the judgment. The only defense on behalf of the garnishee is that the judgment debtor, at the time of the service of the writ, was indebted to one Worthington, to whom the money in the hands of the garnishee was paid subsequent to the service of the writ. This is not a defense. The service of the writ of garnishment subjected the money in the hands of the garnishee, to which the judgment debtor was entitled, to the payment of respondent's claim, and if the garnishee subsequently paid the money to the judgment debtor or to any of his *bona fide* creditors, such payment will not relieve against the liability created by the service of the writ.

The judgment is affirmed.