[No. 13397.   Department Two.   August 29, 1916.]

HERBERT D. JORGENSON, *by his Guardian etc., Respondent,* v. CHARLES C. CRANE, *Appellant.*[1]

APPEAL—DECISION—LAW OF CASE—SIMILARITY OF EVIDENCE ON RE-TRIAL. Where a former appeal fixed the liability of the defendant for negligently leaving an unguarded wheel scraper on school grounds, as the law of the case, evidence on a second trial that the scraper was left either on the school grounds or a few feet from the boundary line, does not establish that defendant was not negligent as a matter of law.

NEGLIGENCE—APPLIANCES DANGEROUS TO CHILDREN—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The contributory negligence of a child six or eight years of age, in playing with a wheel scraper left on school grounds, cannot be found as a matter of law, in the absence of a very strong and convincing showing.

NEW TRIAL—GROUNDS—INADEQUATE DAMAGES. It is not an abuse of discretion to grant a new trial for inadequate damages, where the jury allowed but one dollar, in addition to hospital expenses and physician's fees, for severe injuries including a broken leg from which plaintiff suffered severely for several weeks.

Appeal from orders of the superior court for King county, Ronald, J., entered December 3, 1915, denying a motion for judgment notwithstanding the verdict of a jury rendered in

¹Reported in 159 Pac. 796.

favor of the plaintiff, and granting a new trial on the ground of inadequate damages, in an action for personal injuries sustained by a minor while playing with a scraper. Affirmed.

*Palmer & Askren,* for appellant.

*Green & Chester,* for respondent.

PARKER, J.—The plaintiff, Jorgenson, by his guardian *ad litem,* seeks recovery of damages which he suffered when he was six years and eight months old, as the result of the alleged negligence of the defendant, Crane, in leaving on or near the school ground where the plaintiff was attending school a wheel scraper which attracted the plaintiff and other children, resulting in their playing with it and causing his injury.

A former appeal to this court from findings and judgment in favor of the defendant, following a trial by the court without a jury, resulted in a reversal of that judgment and the remanding of the case for new trial. This court being of the opinion that the plaintiff was entitled to recover upon the evidence introduced at the trial, stated the law of the case in its opinion as follows:

"If the wheeled scraper was an appliance with which it was dangerous for children of such tender years as were in attendance on this school to play in the manner in which they did play with it, and the respondent knew, or as a reasonable person ought to have known, that they would so play with it when he left it upon the school grounds, then it was negligence on his part to leave the scraper on the school grounds in an unfastened and unguarded condition, and he is responsible in damages for any injury to any such child caused thereby." *Jorgenson v. Crane,* 86 Wash. 273, 150 Pac. 419.

The new trial in the superior court, being had with a jury, resulted in a verdict in the plaintiff's favor for the sum of $363. The evidence seems to show without dispute that the father of the plaintiff incurred $362 indebtedness in hospital

expenses and physicians' fees in rendering the plaintiff proper care, as the result of his injury. So the jury seems to have awarded the plaintiff the nominal sum of $1 for his pain and suffering. While the jury could have concluded from the evidence that the plaintiff's injury was not permanent, and that, having no earning power, he sustained no loss in that respect, yet it is plain that he was very severely injured, the femur of his left leg being broken, and that he suffered pain for several weeks. Following the return of the verdict, counsel for the defendant moved for judgment of dismissal notwithstanding the verdict, upon the ground of "insufficiency of the evidence to justify the verdict," having also challenged the sufficiency of the evidence to sustain any judgment against him by appropriate motions during the trial. Counsel for the plaintiff moved for a new trial, "because the damages awarded to plaintiff by the jury are wholly inadequate, appearing to have been so limited under the influence of passion or prejudice." The trial court denied the defendant's motion for judgment notwithstanding the verdict, and granted the plaintiff's motion for a new trial. From this disposition of the cause, the defendant has appealed to this court.

The principal contention of counsel for appellant seems to be that the leaving of the wheel scraper by him, as shown by the evidence introduced upon the second trial, did not constitute negligence on his part, and that the trial court erred in declining to so rule, as a matter of law, in denying the motion for judgment of dismissal notwithstanding the verdict. Our decision upon the former appeal answers this contention unless, as counsel claims, the evidence upon the second trial conclusively shows that the scraper was not left on the school ground, and for that reason appellant is not chargeable with negligence. It is true that our former decision proceeds upon the theory that the scraper was left by appellant on the school ground, as the evidence introduced upon the first trial, we may now concede, seemed to show.

However, the evidence introduced upon the second trial, we think, warranted the jury in concluding that the scraper was left unguarded by appellant either on the school ground or within a few feet of the boundary thereof, where it was as readily accessible to the school children as if it had actually been left unguarded upon the school ground. This, we think, prevented the trial court from ruling, as a matter of law, that appellant was not negligent. We are of the opinion that a defendant's negligence, under such a state of facts, is not determinable, as a matter of law, by the fact that the attractive dangerous appliance is left by him on one side or the other near to an imaginary line, as in this case. Our decision in *Haynes v. Seattle,* 69 Wash. 419, 125 Pac. 147, is in harmony with this view.

Contention is made in appellant's behalf that the evidence conclusively shows that respondent was guilty of contributory negligence and fully appreciated the danger in playing with the scraper. We may concede that there is room for argument that it might be so determined as a matter of fact, but we are quite convinced that it cannot be so held as a matter of law. It would indeed require a very strong and convincing showing to warrant a court in holding a child of such tender years guilty of contributory negligence, as a matter of law, such as to prevent his recovery for injuries received as the result of the negligence of a person of mature years. We conclude that appellant has no cause to complain of the leaving of the question of respondent's contributory negligence to the jury by the trial court.

We do not understand that counsel for appellant seriously contend that the trial court erred in granting respondent a new trial, apart from the denial of appellant's motion for judgment of dismissal notwithstanding the verdict. If, however, such contention is intended, we think it is without merit, in view of the fact that the evidence seems to plainly warrant a more substantial recovery by respondent, if he is entitled to any recovery. It is plain, therefore, that the trial court

did not abuse its discretion in granting a new trial upon the ground of inadequate damages. Rem. & Bal. Code, § 399, subd. 5. This, of course, does not mean that the jury were bound to find for respondent, but having so found, the trial court did not abuse its discretion in granting a new trial in respondent's behalf upon this ground.

The order denying appellant a judgment of dismissal notwithstanding the verdict and the order granting respondent a new trial are affirmed.

Holcomb, Ellis, and Bausman, JJ., concur.