[No. 14016.   Department One.   August 17, 1917.]

HERBERT D. JORGENSON, *by his Guardian etc., Appellant,* v.
CHARLES C. CRANE, *Respondent.*[1]

TRIAL—VERDICT—CONSTRUCTION.   In an action for personal injuries, a verdict for the amount of medical and hospital expenses is not a finding of no negligence upon the part of the defendant, where under the instructions no recovery could be had in any amount without a finding of negligence.

APPEAL—REVIEW—FORMER DECISION AS LAW OF CASE.   A decision on appeal that a verdict for $363 should be allowed to stand as against a motion for a judgment notwithstanding the verdict is conclusive upon a second appeal from a judgment and verdict for $362, upon evidence not materially different from that given on the previous trial.

Appeal from a judgment of the superior court for King county, Smith, J., entered January 5, 1917, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor while playing with a scraper. Reversed.

*Frank E. Green* and *L. F. Chester,* for appellant.

*Palmer & Askren,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.   The cause has been three times tried in the superior court, and this is the third appeal to this court.   Upon the first trial, a judgment of nonsuit was entered.   From this, plaintiff appealed, and in 86 Wash. 273, 150 Pac. 419, the judgment was reversed and the cause remanded for a new trial.   The cause was again tried in the superior court, and resulted in a verdict in favor of the plaintiff in the sum of $363.   Before the entering of that verdict, the defendant moved for a judgment notwithstanding the verdict.   Within the time prescribed by the statute, the

[1]Reported in 167 Pac. 49.

plaintiff made a motion for a new trial on the ground of inadequacy of the damages as found by the jury. The trial court denied the motion for a judgment notwithstanding the verdict, and granted the motion for a new trial. The defendant thereupon appealed. Upon that appeal, the judgment of the trial court in denying the motion for judgment notwithstanding the verdict and in granting the new trial was affirmed. 92 Wash. 642, 159 Pac. 796. Thereafter, the cause was again tried, and resulted in a verdict in favor of the plaintiff for $362. The defendant, in due time, having moved for judgment notwithstanding the verdict, this motion was granted, and a judgment entered dismissing the action. From this judgment, the plaintiff appeals.

The facts need not here be detailed, as they are fully stated in the opinions written upon the former appeals. It is not claimed in this case that the evidence as to the negligence of the defendant is materially different from what it was upon the previous trials. In each of the opinions heretofore written in the case, it was held that the evidence was sufficient to carry the question of the defendant's negligence to the jury. It is claimed upon this appeal that, since there was no dispute in the evidence as to the value of the medical services or the hospital expense—these two items aggregating the sum of $362—a verdict for that sum was in effect a finding on the part of the jury of no negligence, but this conclusion does not necessarily follow. Before the jury could have found a verdict in any amount, there must necessarily have been a finding of negligence. The trial court, after telling the jury that, if they found the defendant to be negligent, and if the defense of contributory negligence was not sustained, a verdict should be rendered in such amount as would compensate the plaintiff for the pain and suffering which he endured, concluded this paragraph in the instructions as follows:

"You will also allow in addition such expenditures or obligations, if any, as you may find plaintiff has incurred

on account of medical or surgical aid, not to exceed $300, or on account of hospital and nurses' services not exceeding $62."

Upon the second appeal, where the verdict had been for $363—only $1 more than in this case—it was held that the trial court properly denied defendant's motion for judgment notwithstanding the verdict. After holding upon that appeal that a verdict for $363 should be allowed to stand as against a motion for a judgment notwithstanding the verdict, to now hold a verdict for $362—$1 less—on substantially the same evidence, subject to such a motion would, it seems to us, be an attempt to draw a very fine line. The jury in this case made no special findings. It therefore cannot be held that the general verdict is not in harmony with the special finding. The plaintiff not being entitled to recover, either for pain or suffering or for medical attendance and hospital expense, unless negligence was shown, a verdict for $362 would amount at least to an implied finding on the part of the jury that the defendant was negligent.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment upon the verdict.

ELLIS, C. J., CHADWICK, and WEBSTER, JJ., concur.