[No. 14148. Department Two. January 10, 1918.]

PUGET SOUND MACHINERY DEPOT, *Respondent,*
v. ALEXANDER PEARSON, *etc., Appellant,*
McKAY-NAVARRE PLUMBING & HEATING
COMPANY, *Defendant.*[1]

GARNISHMENT — LIABILITY OF GARNISHEE — OFFSETS — PAYMENT OF LIENS AFTER WRIT. A contractor, indebted to, and garnished upon the debt of, a subcontractor, at the time the writ of garnishment was served, may show an offset against the subcontractor in that, when the writ was served, there were liens against the building which the subcontractor was required to discharge, and that, after the writ was served, the contractor was compelled to pay the liens out of the moneys credited on its books to the subcontractor.

SAME — OFFSET — EVIDENCE — BURDEN OF PROOF. In such case, in discharging the liens, the garnishee took upon itself the burden of showing that the liens were *bona fide* debts created by the subcontractor and that it was necessary to pay them in order to discharge the liens.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 16, 1916, upon findings in favor of the plaintiff, in garnishment proceedings, tried to the court. Reversed.

[1]Reported in 169 Pac. 847.

*Arthur C. Dresbach,* for appellant.

*Bronson, Robinson & Jones,* for respondent.

MOUNT, J.—On June 14, 1915, the Puget Sound Machinery Depot, a corporation, began an action to recover from McKay-Navarre Plumbing & Heating Company $780, with interest from March 27, 1915. At the time this action was begun, the Puget Sound Machinery Depot caused a writ of garnishment to be issued and served upon Alexander Pearson, doing business under the name of Pearson Construction Company. Thereafter, on June 30, 1915, the Pearson Construction Company answered the writ, denying any indebtedness to the McKay-Navarre Plumbing & Heating Company. Thereafter, on July 26, 1915, the Puget Sound Machinery Depot controverted the answer of the garnishee defendant and alleged that, at the time of the service of the writ of garnishment, the Pearson Construction Company was indebted to the McKay-Navarre Plumbing & Heating Company in the neighborhood of $4,000. Upon the issues so raised, the case was tried to the court without a jury, the only issue being whether, at the time the writ of garnishment was served, or afterwards, the Pearson Construction Company was indebted to the McKay-Navarre Plumbing & Heating Company.

Upon the trial of this issue, the Puget Sound Machinery Depot proved, by the books of the Pearson Construction Company, that that company carried a credit for the McKay-Navarre Plumbing & Heating Company in the sum of $4,895 at the time the writ was served. The Pearson Construction Company then offered to show that it had contracted for the construction of a building for the port of Seattle; that the McKay-Navarre Plumbing & Heating Company was a subcontractor for part of the work upon that building and, under its contract, it was required to keep the work which it performed free from liens; that, at the time the writ of garnishment was served, certain liens had been filed against the

building, by reason of unpaid materials furnished, to the McKay-Navarre Plumbing & Heating Company, and these liens had not been satisfied; and that, after the answer of the garnishee, it paid these liens, and by reason of these payments which it was required to make, was not, at the time the writ of garnishment was served, or afterwards, indebted to the McKay-Navarre Plumbing & Heating Company. The trial court sustained objections to this evidence, and the garnishee defendant was not permitted to prove these facts. The trial court thereupon entered a judgment against the garnishee defendant for the full amount of the claim of the Puget Sound Machinery Depot against the McKay-Navarre Plumbing & Heating Company. The garnishee defendant has appealed from that judgment.

We are satisfied that the trial court was in error in refusing to admit this evidence, for the general rule is that:

"A creditor can obtain no greater relief against a garnishee than exists in favor of the debtor. It follows that, if there is no present indebtedness from the garnishee to the debtor, there is nothing upon which the writ can operate, except in so far as some statutory provision would establish a contrary rule." *Barkley v. Kerfoot,* 77 Wash. 556, 137 Pac. 1046.

There can be no doubt of the general rule as stated in *Anderson v. Garrison,* 86 Wash. 307, 150 Pac. 419, that:

"The service of the writ of garnishment subjected the money in the hands of the garnishee, to which the judgment debtor was entitled, to the payment of respondent's claim, and if the garnishee subsequently paid the money to the judgment debtor or to any of his *bona fide* creditors, such payment will not relieve against the liability created by the service of the writ."

Where the garnishee defendant has money or property in his hands belonging to a third party, there can be no doubt that such garnishee defendant must answer to a judgment debtor of the third party for that money or property; and if the garnishee defendant, after the service of a writ, pays

over the money to the third party, or pays it to some creditor of the third party, the garnishee defendant would, nevertheless, be liable. But, where the garnishee defendant has an offset against the third party and is not in fact indebted, he may show, as against the writ of garnishment, the true facts in relation to the property which he holds. The appellant in this case sought to show that, while its books showed a credit in favor of the McKay-Navarre Plumbing & Heating Company, yet, by reason of liens which were filed, as above stated, appellant was required to pay those liens in order to protect itself and the building against the default of the McKay-Navarre Plumbing & Heating Company. It is no doubt true, as intimated by the trial court, that in discharging the liens the appellant took upon itself the burden of showing that the liens were *bona fide* debts created by the McKay-Navarre Plumbing & Heating Company, and that it was necessary to pay them in order to relieve such liens.

Some contention is made upon the pleadings. It was claimed at the trial by the respondent that the answer of the appellant to the writ of garnishment should have set out all the facts, but this, we think, was not necessary. The appellant made answer to the writ that it had no funds and no property. This was a sufficient answer under the statute.

"Under this plea, and under the liberal rule of construction required by statute, Rem. & Bal. Code, § 285 (P. C. 81 § 259), the garnishee was entitled to introduce any evidence showing the condition of its account . . ." *Frieze v. Powell*, 79 Wash. 483, 140 Pac. 690.

It was, therefore, not necessary for appellant to amend the answer in order to show the condition of its account and the funds in its possession or under its control belonging to the McKay-Navarre Plumbing & Heating Company.

We are satisfied that the trial court erred in not receiving the testimony offered by the appellant at the trial. The judgment is therefore reversed and remanded for the recep-

tion of this testimony, and for the court to determine whether, under all the facts, the appellant is indebted to the McKay-Navarre Plumbing & Heating Company, and render judgment accordingly.

ELLIS, C. J., HOLCOMB, CHADWICK, and MORRIS, JJ., concur.