[No. 18877.   Department One.   December 19, 1924.]

MILDRED ODALOVICH, *Appellant*, v. WILLIAM WEIR, *Respondent*.[1]

TRIAL (60)—PROVINCE OF COURT AND JURY—DIRECTING VERDICT. The court has no power to direct a verdict because he was convinced beyond a reasonable doubt that the evidence was not sufficient to sustain a verdict for the plaintiff, and would require the granting of a new trial, where there was evidence before the jury that the defendant was negligent and liable.

NEGLIGENCE (22)—CONTRIBUTORY NEGLIGENCE—CHILDREN. The defense of contributory negligence of a child, struck by an automobile, does not apply where the child was but six years old.

Appeal from a judgment of the superior court for King county, Carey, J., entered May 29, 1923, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action in tort. Reversed.

*Walter B. Allen,* for appellant.

*Warren H. Lewis* and *William Welch,* for respondent.

PEMBERTON, J.—This is an action by Mildred Odalovich, guardian *ad litem* of her minor daughter, Madeline, six years of age, for injuries received as a result of being run over by an automobile driven by respondent. The accident occurred on October 26, 1922, at about 11:30 a.m., on Rainier avenue, in the city of Seattle, near Genessee street crossing.

The complaint alleges that the injuries of the minor child were caused by the carelessness and negligence of the respondent in driving his automobile at an excessive and dangerous rate of speed at more than twenty miles per hour, in violation of §§ 60 and 61 of ordinance No. 41,695 of the city of Seattle prohibiting

[1]Reported in 231 Pac. 170.

careless driving and prohibiting a speed of over twelve miles per hour.

The parents were parties plaintiff for the purpose of recovering hospital and medical bills expended on their part in caring for the child. Upon the trial, however, they asked to be dismissed from the action and their request was granted. The answer contained a general denial and a plea of contributory negligence. At the close of the trial before a jury, the court directed a verdict for the defendant, using the following language:

"I believe it is my plain duty here to grant this motion in consideration of all the evidence in the case. If the jury were to consider this evidence and return a verdict in favor of you (Mr. Allen) I would be obliged to set it aside on the grounds that the testimony is so overwhelming against you that the verdict could not have been based upon the evidence, but would have been based upon prejudice or sympathy or something of that kind. The evidence is overwhelming; in fact it is so strong as to convince me beyond a reasonable doubt that the driver of the machine, the defendant, was not negligent, that he was not driving over ten or twelve miles an hour, and this little girl coming out in the way she did, why, most anybody would run into her, coming in the same manner that she was coming. The real fault here is this mother allowing her child— sending her child across the street, where automobiles were passing, after bread. The mother should have had better sense than that."

From a judgment of dismissal, this appeal is taken.

There was some testimony to the effect that the car driven by respondent was going at the rate of thirty-five miles an hour. There is a conflict in the evidence. The trial court, in considering the testimony, was satisfied beyond a reasonable doubt that the driver of the machine was not negligent, and that he was not driving over ten or twelve miles an hour. This, however, would be ground sufficient for the granting of a

new trial, but would in no sense be sufficient ground for directing a verdict. Granting a new trial is within the discretion of the trial court. Sustaining a motion for an instructed verdict is not discretionary. The former does not put an end to the litigation but allows another trial of the issues and facts in controversy, while the latter finally determines the rights of the parties. As long as there is any substantial evidence in support of the plaintiff's claim, the motion for an instructed verdict should be denied.

The child being but six years of age, the defense of contributory negligence would not apply. *Jorgensen v. Crane,* 92 Wash. 642, 159 Pac. 796.

The judgment of the trial court will be reversed and the case remanded for a new trial.

MAIN, C. J., PARKER, TOLMAN, and BRIDGES, JJ., concur.